

FILED
JANUARY 29, 2008
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | |
|---|---|
| TIMOTHY F.L. HAYES, a resident of the United Kingdom, <br><br> Plaintiff, <br><br> v. <br><br> FIRST CHICAGO MORTGAGE CO., an Illinois corporation, JASON J. LAMBERT an Illinois resident, KROLL FACTUAL DATA CORPORATION, a Colorado corporation, JOHN DOES 1-5, and ABC COPORATIONS 1-5, <br><br> Defendants. | Case No. _____ <br><br> **08 C 632** <br><br> **JUDGE ZAGEL** <br> **MAGISTRATE JUDGE SCHENKIER** <br> **COMPLAINT** <br><br> **Jury Demanded** |

## COMPLAINT

Plaintiff Timothy F. L. Hayes for his cause of action against Defendants First Chicago Mortgage Co. (hereafter "First Chicago"), Jason Lambert, Kroll Factual Data Corporation (hereafter "Kroll"), John Does 1-5, and ABC Corporations 1-5 states as follows:

### I. INTRODUCTION

1.  Plaintiff Timothy F. L. Hayes was the victim of various misrepresentations, unfair and deceptive practices, and violations of state and federal laws in a scheme perpetrated against him by the various defendants in connection with their respective unauthorized access, publication and use of his personal credit information without his permission or a permissible purpose to publish or use that information.

2.  As more specifically set forth below, Plaintiff seeks statutory, compensatory, and punitive damages against the various defendants, as well as all his reasonable attorneys' fees and costs.

## II. PARTIES, JURISDICTION AND VENUE

3.  Plaintiff Timothy F. L. Hayes is a resident of Cambridge, United Kingdom. Plaintiff is a "consumer" as that word is defined by the federal Fair Credit Reporting Act, 15 U.S.C. § 1681a(e).

4.  Defendant First Chicago Mortgage Co. (hereafter "First Chicago") is an Illinois corporation registered to do business in the State of Illinois, maintains its principal place of business at 6146 N. Lincoln Avenue, Chicago, Illinois, 60659, and may be served with legal process through its registered agent, Steven L. Venit, located at 3240 W. Irving Park, Chicago, Illinois, 60618.  First Chicago is licensed by the Illinois Department of Professional Regulation as a mortgage broker (MB 0006097).

5.  Defendant Jason J. Lambert is a resident of Cook County, Illinois.  Defendant Lambert more particularly resides at 6609 N. Newgard, Apt. 3N, Chicago, IL 60626. Plaintiff further is informed and believes, and thereon alleges, that at all times relevant hereto Defendant Jason Lambert engaged in the deceptive acts, practices and misrepresentations set forth below individually and while acting within the scope of his employment with Defendant First Chicago.

6.  Defendant Kroll Factual Data Corp. (hereafter "Kroll") is a Colorado corporation registered to do business in the State of Illinois as a foreign corporation and may be served with process upon CT Corporation System, its registered agent for service of process, at 208 South Lasalle Street, Suite 814, Chicago, Illinois, 60604.  Defendant Kroll is and at all times relevant hereto was a "consumer reporting agency" and a "reseller" as those words defined under the Federal Fair Credit Reporting Act, 15 U.S.C. § 1681a(f) and 1681a(u).

7.  At all times discussed herein, Defendants First Chicago and Jason Lambert were agents or joint venturers of each of the other, and in doing the acts alleged herein acted within the course of scope of such agency.  Such defendants had actual or constructive knowledge of

the acts of each of the other, and ratified, approved, joined in, acquiesced in, and/or authorized the fraudulent, unfair, deceptive or misleading acts of each co-defendant, and/or retained the benefits of such wrongful acts.

8. Defendants First Chicago and Jason Lambert aided and abetted, encouraged, and rendered substantial assistance to each of the other in breaching their obligations to Plaintiff as alleged herein. In taking action to aid and abet and substantially assist the commissions of these wrongful acts and other wrongdoings alleged herein, each such defendant acted with an awareness of his, her and/or its primary wrongdoing and realized that his, her and/or its conduct would substantially assist the accomplishment of the wrongful conduct and goals.

9. Defendants John Does 1-5 and ABC Corporations 1-5 are individuals and businesses, respectively, who are presently unknown to Plaintiff. Plaintiff, therefore, sues such defendants by such fictitious names. At such time as they become known to Plaintiff, Plaintiff will amend this complaint to show the true names and capacities of such defendants. Plaintiff is informed and believes that each such person(s) are also responsible for the damages noted herein and such persons aided and abetted, participated and/or rendered substantial assistance to the frauds and other violations of the law more particularly set forth herein

10. Jurisdiction of this action is conferred upon this court by 15 U.S.C. § 1681p and 28 U.S.C. § 1377. Plaintiff also makes claims for invasion of privacy and negligence upon the common law of the State of Illinois, and for violations of the Illinois Consumer Fraud Act, 815 ILCS 505/2, et seq. Supplemental jurisdiction exists pursuant to 28 U.S.C. § 1637 for pendent state claims because they arise out of the same operative facts as the federal claims.

11. Venue is proper in this judicial district in that the unlawful conduct that gave rise to Plaintiff's claims occurred in this district.

### III.  FACTUAL BACKGROUND

12. Defendant First Chicago regularly engages in the business of brokering residential mortgage loans and, in connection therewith, regularly obtains credit reports on individual consumers from credit reporting agencies such as Defendant Kroll.

13.　　Defendant Kroll regularly gathers and sells consumer credit and other personal identifying information on consumers to certain of its mortgage broker customers from information that Trans Union, Equifax and/or Experian gathers on such consumers. Kroll in turn provides certain of that information to its customer in a single credit report. The single credit report is commonly known as a merged or tri-merged credit report.

14.　　In February of 2007, Defendant First Chicago employed Defendant Lambert as a mortgage loan officer.

15.　　On or about February 25, 2007, Defendants First Chicago and Lambert made a request to Defendant Kroll in order to obtain the credit report of Plaintiff Hayes, and did so without Plaintiff Hayes' authorization or consent.

16.　　Upon information and belief, Defendants First Chicago and Lambert certified to Defendant Kroll the purposes for which the information was being sought and that the information would be used for no other purpose.

17.　　Defendants First Chicago and Lambert obtained and transmitted a bogus social security number for Plaintiff Hayes, Plaintiff Hayes' date of birth which incorrectly specified the year of Plaintiff's birth, and Plaintiff Hayes' prior residential address in the State of Illinois to Defendant Kroll.

18.　　Only the second digit of the nine digit sequence of the bogus social security number Defendants First Chicago and Lambert transmitted to Defendant Kroll matched the Plaintiff Hayes' actual social security number.

19.　　On or about February 25, 2007, and in response First Chicago and Lambert's request, Defendant Kroll gathered and issued a certain credit report regarding Plaintiff Hayes to Defendants First Chicago and Lambert that merged certain information Kroll obtained regarding Plaintiff Hayes from Trans Union, Experian and Equifax (hereafter, the "Kroll Report").

20.　　The Kroll Report specifically noted that Trans Union, Experian and Equifax all reported certain crucial variations in the information Defendants First Chicago, Lambert and Kroll provided to Trans Union, Experian and Equifax concerning Plaintiff Hayes.

21. The Kroll Report specified at the very outset that Experian advised Defendant Kroll that "NO HIT/NO RECORDS FOUND" (caps original), and Plaintiff Hayes' social security number was "Not Reported."

22. The Kroll Report also specified a crucial variation in that Equifax had an inconsistent date of birth on file for Plaintiff Hayes and that the social security number Kroll provided for Plaintiff Hayes was entirely inconsistent and, therefore, "Not Reported."

23. The Kroll Report specified that Trans Union stated that both the date of birth and social security number for Plaintiff Hayes were inconsistent, and went on to provide a full nine digit social security number that matched only the second of the nine digits in sequence of the social security number that Defendants First Chicago and Lambert provided to Kroll.

24. Despite the numerous discrepancies in the personal identifying information Trans Union, Experian and Equifax provided to Defendant Kroll, Defendant Kroll nevertheless provided certain consumer credit and personal identifying information it had obtained from one or more of the foregoing credit reporting agencies that actually pertained to Plaintiff Hayes to Defendants First Chicago and Lambert.

25. Thereafter, and again despite the numerous crucial discrepancies, Defendants First Chicago and Lambert delivered the Kroll Report to John Does 1-5, ABC Corporations 1-5, Mr. Michael John Willoughby and/or Mr. Graham Scott Butters without Plaintiff Hayes' authorization or consent.

26. On or about April 7, 2007, Mr. Michael John Willoughby attempted to offer the Kroll Report into evidence a civil proceeding between Plaintiff Hayes and Mr. Willoughby that was then pending in the Birmingham County Court, Birmingham, United Kingdom, Claim No. 6PH04236.

27. Immediately thereafter, Plaintiff first contacted Defendants First Chicago and Lambert. Defendants First Chicago and Lambert transmitted a certain copy of a form entitled "Borrower Signature Authorization" to Plaintiff. The form, a copy of which is attached hereto as **Exhibit A**, purports to be Plaintiff's authorization and consent to obtain a copy of his credit report, however, it is a forgery of Plaintiff's signature and date.

5

28. Defendants First Chicago, Lambert, Kroll, John Does 1-5, and ABC Corporations 1-5 knowingly communicated the Kroll Report to someone other than Plaintiff without Plaintiff's authorization or consent, and communicated and/or published the Kroll Report with malice or willful intent to injure Plaintiff.

29. As a result of the foregoing acts of the defendants, Plaintiff Hayes suffered damages in the nature of humiliation, invasion of privacy, embarrassment, anxiety, emotional suffering, worry, substantial out-of-pocket fees paid to a third-party private investigator, other investigative fees, pre-litigation attorney's fees, and court costs.  In addition, Plaintiff has incurred and will continue to incur litigation expenses and post-litigation attorneys' fees which, but for the acts and omissions of defendants alleged herein, would not have been necessary.

## IV.  CAUSES OF ACTION

### COUNT ONE – WILLFUL AND NEGLIGENT VIOLATIONS OF THE FEDERAL FAIR CREDIT REPORTING ACT

**Plaintiff v. Defendants First Chicago, Lambert, Kroll,
John Does 1-5 and ABC Corporations 1-5**

30. Plaintiff incorporates as if fully set out herein all the preceding paragraphs.

31. The document that Kroll furnished to First Chicago Mortgage Co. on or about February 25, 2007, is a "consumer report," as that term is defined by section 603 of the federal Fair Credit Reporting Act, 15 U.S.C. § 1681a(d).

32. At no time did Plaintiff or any defendant have one of the relationships enumerated under section 604 of the federal Fair Credit Reporting Act, 15 U.S.C. § 1681b(a)(3).

33. At no time applicable to this complaint did any defendant receive the written instructions of Plaintiff to request his consumer report under 15 U.S.C. § 1681b(a)(2).

34. No court of competent jurisdiction has ever ordered the consumer report of Plaintiff be furnished to any defendant or Messers. Willoughby or Butters.

35. No federal grand jury has ever issued a subpoena for the consumer report of Plaintiff to be furnished to any defendant or Messers. Willoughby or Butters.

36. No child support enforcement agency has ever requested the credit report of Plaintiff be furnished to any defendant or Messers. Willoughby or Butters.

37. First Chicago was prohibited from obtaining a consumer report under false pretenses pursuant to section 604 of the FCRA, 15 U.S.C. § 1681b(f).

38. First Chicago was required to establish reasonable procedures that would prevent its facilities from being used to obtain a consumer report under false pretenses.

39. First Chicago failed to establish procedures that would prevent its facilities from being used to obtain a consumer report under false pretenses.

40. First Chicago willfully and/or negligently permitted John Does 1-5 and/or ABC Corporations 1-5 to its office facilities, resulting in the impermissible access of Plaintiff's consumer report.

41. Kroll willfully and/or negligently furnished the consumer report of Plaintiff dated on or about February 26, 2007 without any of the permissible purposes enumerated in section 604 of the FCRA, 15 U.S.C. § 1681b.

42. First Chicago, Lambert, Kroll, John Does 1-5, and ABC Corporations 1-5 willfully violated the federal Fair Credit Reporting Act in that they respectively requested, furnished and/or obtained the consumer report of Plaintiff without any of the permissible purposes enumerated in Section 604 of the FCRA, 15 U.S.C. § 1681b.

WHEREFORE, Plaintiff respectfully prays the following relief against Defendants First Chicago, Lambert, Kroll, John Does 1-5, and ABC Corporations 1-5: (A) actual damages adequate to compensate Plaintiff for all losses incurred or sustained; (B) statutory damages, (C) punitive damages; (D) plaintiff's costs of the action and his attorneys' fees; and (E) such other relief as this Court deems just and appropriate.

## COUNT TWO – INVASION OF PRIVACY

**Plaintiff v. Defendants First Chicago, Lambert, Kroll
John Does 1-5, ABC Corporations 1-5**

43. Plaintiff incorporates as if fully set out herein all the preceding paragraphs.

44. Defendants obtaining and furnishing the Kroll Report, respectively, was an unauthorized intrusion or prying into the Plaintiff's seclusion.

45. The intrusion and/or prying into Plaintiff's seclusion was offensive and objectionable to Plaintiff.

46. The personal identifying and/or credit information contained in the Kroll Report related to Plaintiff were private.

47. Defendants' intrusion caused Plaintiff anguish and suffering.

WHEREFORE, Plaintiff respectfully prays the following relief against Defendants First Chicago, Lambert, John Does 1-5, and ABC Corporations 1-5: (A) actual damages adequate to compensate Plaintiff for all losses incurred or sustained; (B) punitive damages adequate to deter further similar behavior; (C) plaintiff's costs of the action and his attorneys' fees; and (D) such other relief as this Court deems just and appropriate.

## COUNT THREE - NEGLIGENCE

**Plaintiff v. Defendants First Chicago, Jason Lambert, Kroll,
John Does 1-5, ABC Corporations 1-5**

48. Plaintiff incorporates as if fully set out herein all the preceding paragraphs.

49. Defendants First Chicago, Lambert, Kroll, John Does 1-5, and/or ABC Corporations owed a duty to Plaintiff

50. Defendants First Chicago and Lambert owed a duty to Plaintiff to prevent unauthorized individuals form gaining access to his personal identifying and credit information.

51. Defendant Kroll had a duty to establish and comply with reasonable procedures designed to ensure that the information it resold with respect to Plaintiff was resold only for permissible purposes.

52. Defendants breached their duty to Plaintiff and, as a direct and proximate result, damaged Plaintiff.

53. Defendants knowingly communicated the Kroll Report to someone other than Plaintiff, defendants knew they did not have Plaintiff's authorization or consent to gather,

obtain or use the Kroll Report, and defendants communicated and/or published the Kroll Report with malice or willful intent to injure Plaintiff.

WHEREFORE, Plaintiff respectfully prays the following relief against Defendants First Chicago, Lambert, Kroll, John Does 1-5, and ABC Corporations 1-5: (A) actual damages adequate to compensate Plaintiff for all losses incurred or sustained as a result of such defendant's negligence; (B) punitive damages; (C) plaintiff's costs of the action and his attorneys' fees; and (D) such other relief as this Court deems just and appropriate.

## COUNT FOUR – VIOLATION OF ILLINOIS CONSUMER FRAUD ACT
## 815 ILL. COMP. STAT. 505/2

**Plaintiff v. Defendants First Chicago, Jason Lambert, Kroll,
John Does 1-5, ABC Corporations 1-5**

54. Plaintiff incorporates as if fully set out herein all the preceding paragraphs.

55. Defendants committed deceptive and unfair and omissions as alleged herein, in violation of the Illinois Consumer Fraud Act, 815 ILCS 505/2, *et seq*.

56. Defendants' violations of the FCRA constituted violations of the ICFA because they were deceptive and unfair.

57. It was deceptive and unfair for defendants to have obtained plaintiff's credit report without his consent.

58. It was deceptive and unfair for defendants to attempt to obtain a consumer report through use of bogus information about plaintiff.

59. It was deceptive and unfair for defendant Kroll to provide plaintiff's consumer report to third parties without proper authorization from plaintiff.

It was an unfair act for defendant Kroll to have provided defendants First Chicago and Lambert with plaintiff's credit report where it was provided with scant information as to plaintiff. Kroll should have known that First Chicago and Lambert did not have authorization from plaintiff to pull the report because the information provided to obtain the report was so scant and erroneous.

9

60. It was an unfair act for defendants First Chicago and Lambert to provide the consumer report they received from Kroll to third parties, because they knew or should have known that it contained erroneous information.

61. Defendants each knew or should have known at the time they acted that their acts were deceptive and/or unfair.

62. Plaintiff, and others, relied on defendants' deceptive acts and omissions to plaintiff's detriment and damage.

63. Plaintiff has been damaged as a result of defendants' deceptive and unfair acts.

64. Defendants' deceptive and unfair acts occurred within trade or commerce.

WHEREFORE, Plaintiff respectfully prays the following relief against Defendants First Chicago, Lambert, Kroll, John Does 1-5, and ABC Corporations 1-5: (A) actual damages adequate to compensate Plaintiff for all losses incurred or sustained; (B) punitive damages; (C) plaintiff's costs of the action and his attorneys' fees; and (D) such other relief as this Court deems just and appropriate.

## V. DEMAND FOR JURY TRIAL

65. Pursuant to Federal Rule of Civil Procedure 38, Plaintiff demands a trial by jury as to all issues so triable.

DATED this 29th day of January, 2008.

    /s Paul B. Mengedoth
Pro Hac Vice Pending
MENGEDOTH LAW FIRM LLC
Paul B. Mengedoth (AZ Bar No. 18507)
2425 E. Camelback Rd., Ste 600
Phoenix, Arizona 85016

_____/s Keith J. Keogh_____
**LAW OFFICES OF KEITH J. KEOGH, LTD.**
**Keith J. Keogh**
Alexander H. Burke
227 W. Monroe St., Ste. 2000
Chicago, IL 60606

Attorneys for Plaintiff Timothy F L Hayes

Case 1:08-cv-00632   Document 1   Filed 01/29/2008   Page 11 of 13

# EXHIBIT A

# Borrower Signature Authorization

**Privacy Act Notice:** This information is to be used by the agency collecting it or its assignees in determining whether you qualify as a prospective mortgagor under its program. It will not be disclosed outside the agency except as required and permitted by law. You do not have to provide this information, but if you do not your application for approval as a prospective mortgagor or borrower may be delayed or rejected. The information requested in this form is authorized by Title 38, USC, Chapter 37 (if VA); by 12 USC, Section 1701 et. seq. (if HUD/FHA); by 42 USC, Section 1452b (if HUD/CPD); and Title 42 USC, 1471 et. seq., or 7 USC, 1921 et. seq. (if USDA/FmHA).

## Part I - General Information

| 1. Borrower | 2. Name and address of Lender/Broker |
|---|---|
| Timothy Hayes<br>534 Burdick Street<br>Libertyville, IL 60048 | FIRST CHICAGO MORTGAGE<br>6146 NORTH LINCOLN AVENUE<br>CHICAGO, IL 60659<br>TEL: 773-991-8017  FAX: 773-509-9661 |

| 3. Date | 4. Loan Number | |
|---|---|---|
| 02/25/2007 | | |

## Part II - Borrower Authorization

I hereby authorize the Lender/Broker to verify my past and present employment earnings records, bank accounts, stock holdings, and any other asset balances that are needed to process my mortgage loan application. I further authorize the Lender/Broker to order a consumer credit report and verify other credit information, including past and present mortgage and landlord references. It is understood that a copy of this form will also serve as authorization.

The information the Lender/Broker obtains is only to be used in the processing of my application for a mortgage loan.

_____    02/25/07
Borrower   Timothy Hayes                Date

Calyx Form - bsa.hp (10/98)