THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| TIMOTHY F.L. HAYES, a resident of <br> The United Kingdom <br><br> Plaintiff, <br><br> v. <br><br> FIRST CHICAGO MORTGAGE CO., an <br> Illinois corporation, JASON J. LAMBERT, an <br> Illinois resident, KROLL FACTUAL DATA <br> CORPORATION, a Colorado corporation, <br> JOHN DOES 1-5, and ABC <br> CORPORATIONS 1-5, <br><br> Defendants. | Case No. 08 C 632 |

## DEFENDANT KROLL FACTUAL DATA CORPORATION'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT

Defendant, KROLL FACTUAL DATA CORPORATION ("Kroll"), by and through its undersigned counsel, Freeborn & Peters LLP, respectfully move this Court, pursuant to Rule 12(b)(6), to dismiss Plaintiff's Complaint ("Complaint"). In support of this Motion, Kroll submits its Memorandum of Law, filed herewith.

1. Plaintiff's Complaint asserts four causes of action against the named defendants, alleging willful and negligent violations of the Federal Fair Credit Reporting Act ("FCRA"), and state law claims of invasion of privacy, negligence, and violation of the Illinois Consumer Fraud Act ("ICFA").

2. The causes of action in the Complaint should be dismissed as to Defendant Kroll because Plaintiff has failed to state a claim against Kroll upon which relief can be granted, the state law claims of invasion of privacy, negligence, and violation of the ICFA are preempted by the federal FCRA, and Plaintiff has failed to adequately plead his causes of action.

- 2 -

WHEREFORE, for the reasons stated above and set out fully in Defendant Kroll Factual Data Corporation's Memorandum in Support of Its Motion to Dismiss Plaintiff's Complaint, Defendant Kroll Factual Data Corporation respectfully requests that this Court enter an order dismissing the Complaint as to Defendant Kroll.

Respectfully submitted,

**KROLL FACTUAL DATA CORPORATION**

BY: _____/s/ Michael S. Mayer_____
One of Its Attorneys

Steven P. Gomberg (#1004204)
Michael S. Mayer (#6290161)
Freeborn & Peters LLP
311 S. Wacker Drive, Suite 3000
Chicago, Illinois 60606-6677
(312) 360-6000

*Counsel for Defendant Kroll Factual Data Corporation*

Dated: March 18, 2008

- 3 -

## CERTIFICATE OF SERVICE

I hereby certify that on March 18, 2008, I electronically filed **Kroll Factual Data Corporation's Motion To Dismiss Plaintiff's Complaint** with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Alexander Holmes Burke
Keith J. Keogh
Law Offices of Keigh J. Keogh, Ltd.
227 West Monroe Street
Suite 20000
Chicago, IL 60606

Paul B. Mengedoth
Mengedoth Law Firm LLC
2425 E. Camelback Rd., Ste 600
Phoenix, AZ 85016


                                      Respectfully Submitted,

                        BY: _____/s/ Michael S. Mayer_____.
                                      Michael S. Mayer


Dated:  March 18, 2008
1507558v1

THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| TIMOTHY F.L. HAYES, a resident of The United Kingdom<br><br>Plaintiff,<br><br>v.<br><br>FIRST CHICAGO MORTGAGE CO., an Illinois corporation, JASON J. LAMBERT, an Illinois resident, KROLL FACTUAL DATA CORPORATION, a Colorado corporation, JOHN DOES 1-5, and ABC CORPORATIONS 1-5,<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)  Case No. 08 C 632<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**DEFENDANT KROLL FACTUAL DATA CORPORATION'S MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION TO DISMISS PLAINTIFF'S COMPLAINT**

Defendant, KROLL FACTUAL DATA CORPORATION ("Kroll"), by and through its undersigned counsel, Freeborn & Peters LLP, hereby submits its Memorandum of Law in Support of Its Motion to Dismiss Plaintiff's Complaint, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, and states as follows:

## INTRODUCTION

Plaintiff has brought a four-count complaint (the "Complaint") against Kroll and the other named Defendants (collectively, the "Defendants"). Plaintiff claims that the Defendants (1) willfully and negligently violated the Federal Fair Credit Reporting Act ("FCRA"), (2) invaded his right to privacy, (3) were negligent, and (4) violated the Illinois Consumer Fraud Act ("ICFA"). Although Plaintiff claims that Kroll was involved in a scheme to publicize and use his personal credit information without his permission or a permissible purpose to publish or use the information, none of the four counts in the Complaint states a claim against Kroll upon which

relief may be granted. Plaintiff's FCRA allegations do not state a claim under federal law or provide sufficient detail to state a claim against Kroll. Plaintiff's state law allegations of invasion of privacy, negligence, and consumer fraud are all pre-empted by the FCRA, and the allegation of consumer fraud under the ICFA is inadequately plead.

## **RULE 12(b)(6) STANDARD FOR DISMISSAL**

Rule 12(b)(6) permits motions to dismiss a complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). To survive a Rule 12(b)(6) motion, "the complaint must contain a 'short and plain statement of the claim showing that the pleader is entitled to relief.'" *Equal Employment Opportunity Comm'n v. Concentra Health Servs., Inc.*, 496 F.3d 773, 776 (7th Cir. 2007). This requirement imposes two hurdles. First, the complaint must describe the claim in sufficient detail to give the defendant fair notice of what the claim is and the grounds upon which it rests. Second, its allegations must plausibly suggest that the plaintiff has a right to relief, raising that possibility above a 'speculative level;' if they do not, the plaintiff pleads himself out of court. *Montgomery v. City of Harvey*, No. 07-CV-4117, 2007 WL 4232729, at *1 (N.D. Ill. Nov. 28, 2007).

The United States Supreme Court states the "plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1964-65 (2007). Indeed, a complaint should be dismissed if the factual detail is so sketchy that the complaint does not provide the type of notice of the claim to which the defendant is entitled under Rule 8. *St. John's United Church of Christ v. City of Chicago*, 502 F.3d 616, 625 (7th Cir. 2007) (quoting *Airborne Beepers & Video, Inc. v. AT&T Mobility LLC*, 499 F.3d 663, 667 (7th Cir. 2007).).

Although a motion to dismiss pursuant to Rule 12(b)(6) accepts as true all well-plead allegations in the Complaint, *Jackson v. E. J. Branch Corp.*, 176 F.3d 971, 977-78 (7th Cir. 1999), the Court need not assume the truth of legal conclusions or unsupported factual inferences. *See Palda v. General Dynamics Corp.*, 47 F.3d 872, 875 (7th Cir. 1995) ("A complaint which consists of conclusory allegations unsupported by factual assertions fails even the liberal standard of Rule 12(b)(6)"). This Court should also not accept as true any unsupported conclusions of fact or assertions involving mixed allegations of fact and law. *Hickey v. O'Bannon*, 287 F.3d 656, 658 (7th Cir. 2002); *Young v. Murphy*, 90 F.3d 1225, 1233 (7th Cir. 1996).

## ARGUMENT

As set forth below, each count of the Complaint fails to state a claim and should be dismissed, as it does not articulate a right to relief against Kroll. Additionally, Count IV of the Complaint fails to meet the minimum pleading requirements for a fraud-based claim and should therefore be dismissed.

A.  **Count I of the Complaint Fails to State a Valid Claim Under the Federal Fair Credit Reporting Act Against Kroll.**

Count I of the Complaint is a claim for willful and negligent violations of the FCRA. Although Kroll denies that it did not have a relationship enumerated under section 1681b(a)(3) [1]

---

[1] 15 U.S.C. 1681b(a) provides as follows:
(a) In general
Subject to subsection (c) of this section, any consumer reporting agency may furnish a consumer report under the following circumstances and no other:
...
    (3) To a person which it has reason to believe--
        (A) intends to use the information in connection with a credit transaction involving the consumer on whom the information is to be furnished and involving the extension of credit to, or review or collection of an account of, the consumer; or
        (B) intends to use the information for employment purposes; or
        (C) intends to use the information in connection with the underwriting of insurance involving the consumer; or
        (D) intends to use the information in connection with a determination of the consumer's eligibility for a

with one of the other Defendants (as alleged in paragraph 32 of the Complaint), under the law applicable for review of a motion to dismiss, it must take such allegation as true for purposes of this motion. However, the Complaint still does not properly state a FCRA claim under federal law, and the Complaint does not describe in sufficient detail the grounds upon which it would plausibly suggest that he has a right to relief. *See Montgomery*, 2007 WL 4232729, at *1. Instead, Count I only provides conclusory allegations without sufficient factual support. Therefore, Count I should be dismissed as relating to Kroll.

An actionable violation under section 1681b – the only section to which Plaintiff's Complaint cites in relation to Kroll – is subject to the language under section 1681e (Compliance procedures), which states (in part):

> Every consumer reporting agency shall maintain reasonable procedures designed to...limit the furnishing of consumer reports to the purposes listed under section 1681b of this title. ... Every consumer reporting agency shall make a reasonable effort to verify the identity of a new prospective user and the uses certified by such prospective user prior to furnishing such user a consumer report. No consumer reporting agency may furnish a consumer report to any person if it has reasonable grounds for believing that the consumer report will not be used for a purpose listed in section 1681b of this title.

15 U.S.C. 1681e(a).

There is no allegation in the Complaint that Kroll did not "maintain reasonable procedures designed to...limit the furnishing of consumer reports to the purposes listed under section 1681b" or that Kroll did not have "reasonable grounds for believing that the consumer

---

license or other benefit granted by a governmental instrumentality required by law to consider an applicant's financial responsibility or status; or
**(E)** intends to use the information, as a potential investor or servicer, or current insurer, in connection with a valuation of, or an assessment of the credit or prepayment risks associated with, an existing credit obligation; or
**(F)** otherwise has a legitimate business need for the information--
　　**(i)** in connection with a business transaction that is initiated by the consumer; or
　　**(ii)** to review an account to determine whether the consumer continues to meet the terms of the account.
**(G)** executive departments and agencies in connection with the issuance of government-sponsored

report will not be used for a purpose listed in section 1681b." As such, Count I fails to state a claim. *Dobson v. Holloway*, 828 F. Supp. 975, 977 (M.D.Ga. 1993); *Dotzler v. Perot*, 876 F. Supp. 207 (E.D.Mo. 1995) (granting motion to dismiss section 1681b claim); *Pietrafesa v. First American Real Estate Information Services, Inc.*, No. 1:05-CV-1450, 2007 WL 710197, at *3 (N.D.N.Y. March 6, 2007) (slip op.) (same).

The *Dobson* case is on point. In that case, a couple filed a claim against a credit bureau for either willfully or negligently violating the FCRA by impermissibly using their credit report. *Dobson*, at 976. The court, for purposes of the Bureau's motion for summary judgment, assumed that the credit file was furnished for an impermissible purpose. *Id.* at 977. Nonetheless, the court stated that "[t]he fact that a consumer report is furnished for an impermissible purpose, however, does not result in automatic liability. **Liability is imposed only when the consumer reporting agency either willfully or negligently fails to maintain reasonable procedures to avoid violations of, i.e. § 1681b.**" *Id.* (emphasis added) The court granted judgment for the credit bureau. *Id.* at 977-78.

In this case, Plaintiff's Complaint merely states, without factual support, that "Kroll willfully and/or negligently furnished the consumer report of Plaintiff dated on or about February 26, 2007 without any of the permissible purposes enumerated in...[Section] 1681b" and that "[Defendants] willfully violated the [FCRA] in that they respectively requested, furnished and/or obtained the consumer report of Plaintiff without any of the permissible purposes enumerated in...[Section] 1681b." There is no allegation in Count I that Kroll either willfully or negligently failed to maintain reasonable procedures to avoid violations of section 1681b. Therefore, Count I of the Complaint must be dismissed against Kroll for failure to state a claim.

---

individually-billed travel charge cards.

The FCRA is not a strict liability statute, as is evident from the language in section 1681e setting forth the "reasonable procedures" requirement for credit reporting agencies. *See also, Dobson v. Holloway*, 828 F. Supp. 795 (M.D.Ga. 1993); *Ruffin-Thompkins v. Experian Information Solutions, Inc.*, 422 F.3d 603, 608 (7th Cir. 2005) ("[T]he FCRA is not a strict liability statute."). Additionally, as courts have noted, it would be unreasonable to require credit reporting agencies processing a high number of requests to independently investigate each and every request to determine its legitimacy, and it is reasonable for a consumer reporting agency to assume that the user of its services will utilize the credit information obtain for a proper purpose. *Pietrafesa*, 2007 WL 710197, at *4; *Dobson*, 828 F. Supp. at 977.

Here, the Complaint is effectively trying to make Kroll strictly liable for providing a credit report to a subscriber without any allegation that Kroll did not fulfill the reasonable procedures requirements under section 1681e that directly correspond with a potential violation of 1681b. Without alleging that Kroll did not maintain reasonable procedures or have reasonable grounds for believing that the consumer report will not be used for a purpose listed in section 1681b, Count I of the Complaint must be dismissed against Kroll. Additionally, without describing in sufficient detail the grounds for his claim that Kroll did not have reasonable grounds for believing that the consumer report would not be used for a purpose listed in section 1681b, Count I must be dismissed against Kroll.

**B.    Counts II, III, and IV of the Complaint are Pre-Empted By Its FCRA Section 1681b Claim.**

Count II of the Complaint alleges a state law invasion of privacy claim against Defendants. Count III of the Complaint alleges a state law negligence claim against Defendants. Count IV alleges a state law violation of the ICFA claim against Defendants. These counts are based on the same factual allegations as the FCRA claim in Count I. The FCRA contains two

pre-emption clauses, sections 1681h(e) and 1681t. For purposes of this motion, the relevant pre-emption clause is found in 1681t(b)(1)(A):

> No requirement or prohibition may be imposed under the laws of any State--
>  (1) with respect to any subject matter regulated under--
>   (A) subsection (c) or (e) of section 1681b of this title, relating to the prescreening of consumer reports

The allegations in Counts II, III, and IV directly relate to the prescreening of consumer reports, which is covered by the FCRA and therefore should be dismissed. *See Krey v. Castle Motor Sales, Inc.*, 241 F.R.D. 608 (N.D.Ill. 2007) (finding state law claims, for invasion of privacy and violation of the ICFA, pre-empted under 1681t for allegations related to section 1681b); 15 U.S.C. 1681b(c) (cited in footnote 1, *supra*.) Specifically, Plaintiff's allegations under Counts II, III, and IV allege state law violations due to furnishing a report in connection with a credit transaction that was not initiated by the consumer. The allegations in paragraph 56 even directly link the alleged FCRA violation with a violation of the ICFA. (Cmplt. at ¶ 56 ("Defendants' violations of the FCRA constituted violations of the ICFA because they were deceptive and unfair").) Therefore, Plaintiff's state law of invasion of privacy, negligence, and breach of the ICFA are pre-empted and, thus, should be dismissed.

C.   **Count IV of the Complaint is Legally Insufficient Under Pleading Standards.**

Pursuant to Federal Rule of Civil Procedure 9(b), a plaintiff is required to plead fraud-based claims with particularity. Fed. R. Civ. P. 9(b); *Newman v. Apex Financial Group*, No. 07 C 4475, 2008 WL 130924, at *5 (N.D.Ill. Jan. 11, 2008). As in *Newman*, Plaintiff brought a fraud-based claim, alleging that "Defendants' violations of the FCRA constituted violations of the ICFA because they were deceptive and unfair." (Cmplt. at ¶ 56.) Plaintiff's Illinois Consumer Fraud Act Claim is premised upon allegations that subject it to Rule 9(b)'s pleading requirements. *Newman*, at *5.

In order to plead a fraud-based claim with the particularity required under Rule 9(b), a plaintiff must provide the who, what, when, where, and how. *Id.*, at *6, *citing Borsellino v. Goldman Sachs Group, Inc.*, 477 F.3d 502, 507 (7th Cir. 2007). Here, Plaintiff's allegations do not include the specificity required under Rule 9(b). Specifically, like the plaintiff in *Newman*, Plaintiff has not provided exact details of when the alleged fraud occurred. *See Newman*, at *6. Additionally, the Complaint does not provide adequate detail as to how the acts of Kroll were deceptive or unfair, and, in fact, the Complaint does not even attempt to provide allegations of any fraudulent activity by Kroll. Therefore, Count IV of Plaintiff's complaint should be dismissed.

WHEREFORE, for all the above stated reasons, Defendant KROLL FACTUAL DATA CORPORATION, respectfully requests that this Honorable Court grant its Motion to Dismiss Plaintiff's Complaint with prejudice and for any further relief this Court deems just and proper.

Respectfully submitted,

**KROLL FACTUAL DATA CORPORATION**

BY: _____/s/ Michael S. Mayer_____.
       One of Its Attorneys

Steven P. Gomberg (#1004204)
Michael S. Mayer (#6290161)
Freeborn & Peters LLP
311 S. Wacker Drive, Suite 3000
Chicago, Illinois 60606-6677
(312) 360-6000

*Counsel for Defendant Kroll Factual Data Corporation*

Dated: March 18, 2008

## CERTIFICATE OF SERVICE

I hereby certify that on March 18, 2008, I electronically filed **Kroll Factual Data Corporation's Memorandum Of Law In Support Of Its Motion To Dismiss Plaintiff's Complaint** with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Alexander Holmes Burke
Keith J. Keogh
Law Offices of Keigh J. Keogh, Ltd.
227 West Monroe Street
Suite 20000
Chicago, IL 60606

Paul B. Mengedoth
Mengedoth Law Firm LLC
2425 E. Camelback Rd., Ste 600
Phoenix, AZ 85016

                    Respectfully Submitted,

                    BY:    /s/ Michael S. Mayer
                           Michael S. Mayer

Dated: March 18, 2008
1495475v2