I:\50839\Answer.wpd/TEM/sjw

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| TIMOTHY F.L. HAYES, a resident of the United Kingdom | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | No.:   08 C 632 |
| FIRST CHICAGO MORTGAGE CO., an Illinois corporation, JASON J. LAMBERT, an Illinois resident, KROLL FACTUAL DATA CORPORATION, a Colorado corporation, JOHN DOES 1-5, and ABC CORPORATIONS 1-5, | ) ) ) ) ) ) ) | |
| Defendants. | ) | |

**DEFENDANT, FIRST CHICAGO MORTGAGE CO.'S ANSWER TO PLAINTIFF'S COMPLAINT AT LAW**

NOW COMES the Defendant, FIRST CHICAGO MORTGAGE CO., by and through its attorneys, KEVIN W. DOHERTY, and DOHERTY & PROGAR, LLC, and states the following for its Answer to the Plaintiff's Complaint at Law:

**I - INTRODUCTION**

1.      This Defendant denies the allegations contained in Paragraph 1 of Plaintiff's Complaint at Law.

2.      This Defendant states that the allegations contained in Paragraph 2 of Plaintiff's Complaint at Law contain legal and factual conclusions which do not require an answer.

## II - PARTIES, JURISDICTION AND VENUE

3.      This Defendant has no knowledge concerning the allegations contained in Paragraph 3 of Plaintiff's Complaint at Law, and therefore neither admits nor denies the allegations but demands strict proof thereof

4.      This Defendant admits the allegations contained in Paragraphs 4 of Plaintiff's Complaint at Law.

5.      This Defendant admits that JAYSON J. LAMBERT resides at 6609 N. Newgard, Apt. 3N, Chicago, Illinois 60626, but denies the remaining allegations contained in Paragraph 5 of Plaintiff's Complaint at Law.

6.      This Defendant has no knowledge concerning the allegations contained in Paragraph 6 of Plaintiff's Complaint at Law, and therefore neither admits nor denies the allegations but demands strict proof thereof

7.      This Defendant denies the allegations contained in Paragraph 7 of Plaintiff's Complaint at Law.

8.      This Defendant denies the allegations contained in Paragraph 8 of Plaintiff's Complaint at Law.

9.      This Defendant states that Paragraph 9 of Plaintiff's Complaint at Law asserts legal and factual conclusions which do not require an answer.

10.      This Defendant states that Paragraph 10 of Plaintiff's Complaint at Law asserts legal and factual conclusions which do not require an answer

11.      This Defendant states that Paragraph 11 of Plaintiff's Complaint at Law asserts legal and factual conclusions which do not require an answer.

2

### III - FACTUAL BACKGROUND

12.     This Defendant admits that it engages in the business of brokering residential mortgage loans, and from time to time it obtains individual consumer credit reports when authorized to do so, but denies the remaining allegations contained in Paragraph 12 of Plaintiff's Complaint at Law.

13.     This Defendant has no knowledge concerning the allegations contained in Paragraph 13 of Plaintiff's Complaint at Law, and therefore neither admits nor denies the allegations but demands strict proof thereof.

14.     This Defendant admits that it employed JAYSON LAMBERT on February 2007, but denies the remaining allegations contained in Paragraph 14 of Plaintiff's Complaint at Law.

15.     This Defendant admits that on or about February 25, 2007, it requested certain information from KROLL FACTUAL DATA CORPORATION ("Kroll") pertaining to the Plaintiff, but denies remaining allegations contained in Paragraph 15 of Plaintiff's Complaint at Law to the extent they are inconsistent therewith.

16.     This Defendant denies the allegations contained in Paragraph 16 of Plaintiff's Complaint at Law.

17.     This Defendant denies the allegations contained in Paragraph 17 of Plaintiff's Complaint at Law.

18.     This Defendant denies the allegations contained in Paragraph 18 of Plaintiff's Complaint at Law.

19.     This Defendant admits that it received certain information from Kroll pertaining to the Plaintiff, but denies the remaining allegations contained in Paragraph 19 of Plaintiff's

Complaint at Law to the extent they are inconsistent therewith and/or represent Plaintiff's improper conclusions of law and/or fact.

20.    This Defendant denies the allegations contained in Paragraph 20 of Plaintiff's Complaint at Law.

21.    This Defendant has no knowledge concerning the allegations contained in Paragraph 21 of Plaintiff's Complaint at Law, and therefore neither admits nor denies the allegations but demands strict proof thereof.

22.    This Defendant denies the allegations contained in Paragraph 22 of Plaintiff's Complaint at Law.

23.    This Defendant denies the allegations contained in Paragraph 23 of Plaintiff's Complaint at Law.

24.    This Defendant admits that it received certain information from Kroll pertaining to the Plaintiff, but denies the remaining allegations contained in Paragraph 24 of Plaintiff's Complaint at Law to the extent that they are inconsistent therewith and/or represent Plaintiff's improper conclusions of law and fact.

25.    This Defendant denies the allegations contained in Paragraph 25 of Plaintiff's Complaint at Law.

26.    This Defendant has no knowledge concerning the allegations contained in Paragraph 26 of Plaintiff's Complaint at Law, and therefore neither admits nor denies the allegations but demands strict proof thereof.

27.    This Defendant denies the allegations contained in Paragraph 27 of Plaintiff's Complaint at Law.

28.     This Defendant denies the allegations contained in Paragraph 28 of Plaintiff's Complaint at Law.

29.     This Defendant denies the allegations contained in Paragraph 29 of Plaintiff's Complaint at Law.

## IV - CAUSES OF ACTION
## COUNT ONE - WILLFUL AND NEGLIGENT VIOLATIONS OF THE FEDERAL FAIR CREDIT REPORTING ACT

30.     This Defendant adopts and incorporates its Answers to the allegations contained in Paragraphs 1 through 29 as its Answers to Paragraph 30 of Plaintiff's Complaint at Law as if set forth fully herein.

31.     This Defendant states that the allegations contained in Paragraph 31 of Plaintiff's Complaint at Law contain legal and factual conclusions which do not require an answer.

32.     This Defendant denies the allegations contained in Paragraph 32 of Plaintiff's Complaint at Law.

33.     This Defendant denies the allegations contained in Paragraph 33 of Plaintiff's Complaint at Law.

34.     This Defendant has no knowledge concerning the allegations contained in Paragraph 34 of Plaintiff's Complaint at Law, and therefore neither admits nor denies said allegations but demand strict proof thereof.

35.     This Defendant has no knowledge concerning the allegations contained in Paragraph 35 of Plaintiff's Complaint at Law, and therefore neither admits nor denies said allegations but demand strict proof thereof.

36.     This Defendant has no knowledge concerning the allegations contained in

5

Paragraph 36 of Plaintiff's Complaint at Law, and therefore neither admits nor denies said allegations but demand strict proof thereof.

37.     This Defendant states that the allegations contained in Paragraph 37 of Plaintiff's Complaint at Law contain legal and factual conclusions which do not require an answer. Further responding, this Defendant denies that it obtained any report under false pretenses.

38.     This Defendant admits the existence of and compliance with all duties imposed upon it by law, but denies the remaining allegations contained in Paragraph 38 of Plaintiff's Complaint at Law to the extent that they are inconsistent therewith and/or represent Plaintiff's improper conclusions of law and fact.

39.     This Defendant denies the allegations contained in Paragraph 39 of Plaintiff's Complaint at Law.

40.     This Defendant denies the allegations contained in Paragraph 40 of Plaintiff's Complaint at Law.

41.     This Defendant makes no response to the allegations contained in Paragraph 41 of Plaintiff's Complaint at Law insofar as those allegations are not directed to it.

42.     This Defendant denies the allegations contained in Paragraph 42 of Plaintiff's Complaint at Law.

WHEREFORE, Defendant, FIRST CHICAGO MORTGAGE CO., denies that Plaintiff, TIMOTHY HAYES, is entitled to judgment against it for actual damages, statutory damages, punitive damages, costs, attorney fees, and/or any other relief, and demands judgment in its favor and against the Plaintiff, TIMOTHY HAYES, in addition to its costs of this action.

THIS DEFENDANT DEMANDS A TRIAL BY JURY.

## COUNT II - INVASION OF PRIVACY

43.    This Defendant adopts and incorporates its Answers to the allegations contained in Paragraph 1 through 42 as its Answers to Paragraph 43 of Plaintiff's Complaint at Law as if set forth fully herein.

44.    This Defendant denies the allegations contained in Paragraph 44 of Plaintiff's Complaint at Law.

45.    This Defendant denies the allegations contained in Paragraph 45 of Plaintiff's Complaint at Law.

46.    This Defendant denies the allegations contained in Paragraph 46 of Plaintiff's Complaint at Law.

47.    This Defendant denies the allegations contained in Paragraph 47 of Plaintiff's Complaint at Law.

WHEREFORE, Defendant, FIRST CHICAGO MORTGAGE CO., denies that Plaintiff, TIMOTHY HAYES, is entitled to judgment against it for actual damages, statutory damages, punitive damages, costs, or attorney fees, and/or any other relief, and demands judgment in its favor and against the Plaintiff, TIMOTHY HAYES, in addition to its costs of this action.

THIS DEFENDANT DEMANDS A TRIAL BY JURY.

## COUNT III - NEGLIGENCE

48.    This Defendant adopts and incorporates its Answers to the allegations contained in Paragraph 1 through 47 as its Answers to Paragraph 48 of Plaintiff's Complaint at Law as if set forth fully herein.

49.    This Defendant admits the existence of and compliance with all duties imposed

upon it by law, and denies the remaining allegations contained in Paragraph 49 of Plaintiff's

Complaint at Law to the extent that they are inconsistent therewith and/or represent Plaintiff's

improper conclusions of law and fact.

50.      This Defendant admits the existence of and compliance with all duties imposed

upon it by law, and denies the remaining allegations contained in Paragraph 50 of Plaintiff's

Complaint at Law to the extent that they are inconsistent therewith and/or represent Plaintiff's

improper conclusions of law and fact.

51.      This Defendant makes no response to the allegations contained in Paragraph 51 of

Plaintiff's Complaint at Law insofar as those allegations are not directed to it.

52.      This Defendant denies the allegations contained in Paragraph 52 of Plaintiff's

Complaint at Law.

53.      This Defendant denies the allegations contained in Paragraph 53 of Plaintiff's

Complaint at Law.

WHEREFORE, Defendant, FIRST CHICAGO MORTGAGE CO., denies that Plaintiff,

TIMOTHY HAYES, is entitled to judgment against it for actual damages, statutory damages,

punitive damages, costs, attorney fees, and/or any other relief, and demands judgment in its favor

and against the Plaintiff, TIMOTHY HAYES, in addition to its costs of this action.

THIS DEFENDANT DEMANDS A TRIAL BY JURY.

## COUNT IV - VIOLATION OF ILLINOIS CONSUMER FRAUD ACT 815 ILL. COMP. STAT. 502/2

54.      This Defendant adopts and incorporates its Answers to the allegations contained

in Paragraph 1 through 53 as its Answers to Paragraph 54 of Plaintiff's Complaint at Law as if

set forth fully herein.

55.     This Defendant denies the allegations contained in Paragraph 55 of Plaintiff's Complaint at Law.

56.     This Defendant denies the allegations contained in Paragraph 56 of Plaintiff's Complaint at Law.

57.     This Defendant denies the allegations contained in Paragraph 57 of Plaintiff's Complaint at Law.

58.     This Defendant denies the allegations contained in Paragraph 58 of Plaintiff's Complaint at Law.

59.     This Defendant denies the allegations contained in Paragraph 59 of Plaintiff's Complaint at Law.

60.     This Defendant denies the allegations contained in Paragraph 60 of Plaintiff's Complaint at Law.

61.     This Defendant denies the allegations contained in Paragraph 61 of Plaintiff's Complaint at Law.

62.     This Defendant denies the allegations contained in Paragraph 62 of Plaintiff's Complaint at Law.

63.     This Defendant denies the allegations contained in Paragraph 63 of Plaintiff's Complaint at Law.

64.     This Defendant denies the allegations contained in Paragraph 64 of Plaintiff's Complaint at Law.

WHEREFORE, Defendant, FIRST CHICAGO MORTGAGE CO., denies that Plaintiff, TIMOTHY HAYES, is entitled to judgment against it for actual damages, statutory damages, punitive damages, costs, attorney fees, and/or any other relief, and demands judgment in its favor and against the Plaintiff, TIMOTHY HAYES, in addition to its costs of this action.

THIS DEFENDANT DEMANDS A TRIAL BY JURY.

## COUNT V - DEMAND FOR JURY TRIAL

65.     This Defendant states that the allegations contained in Paragraph 65 of Plaintiff's Complaint at Law contain factual conclusions which do not require an answer.

Respectfully Submitted,

DOHERTY & PROGAR, LLC

    /s/ Kevin W. Doherty
Attorney for the Defendant

Kevin W. Doherty (ARDC No.: 3128844)
Todd E. Macey (ARDC No.: 6286767)
DOHERTY & PROGAR LLC
200 West Adams Street, Suite 2220
Chicago, IL 60606
(312) 630-9630
(312) 630-9001 (Fax)