UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| TIMOTHY F.L. HAYES, a resident of the United Kingdom,<br><br>Plaintiff,<br><br>v.<br><br>FIRST CHICAGO MORTGAGE CO., an Illinois corporation, JASON J. LAMBERT, an Illinois resident, KROLL FACTUAL DATA CORPORATION, a Colorado corporation, JOHN DOES 1-5, and ABC COPORATIONS 1-5,<br><br>Defendants. | Case No. 08 C 632<br><br><br><br>**PLAINTIFF'S MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANT KROLL FACTUAL DATA'S MOTION TO DISMISS** |

**PLAINITFF TIMOTHY F.L. HAYES' MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANT KROLL'S MOTION TO DISMISS**

Plaintiff Timothy F. L. Hayes, by and through its undersigned counsel, hereby submits this *Memorandum of Law in Opposition to Defendant Kroll's Motion Dismiss Plaintiff's Complaint*. Plaintiff respectfully opposes Defendant Kroll's motion to dismiss brought pursuant to Fed. R. Civ. Pro. 12(b)(6) and states as follows:

**I. INTRODUCTION**

Plaintiff alleges in the Complaint that the respective defendants pulled and/or released his personal credit information on or about February 25, 2007 without a permissible purpose to do so. Plaintiff specifically alleges that Defendant Kroll negligently and/or willfully released his personal credit information in violation of the federal Fair Credit Reporting Act ("FCRA")(Count I), such act was an invasion of Plaintiff's privacy under the common law of the State of Illinois (Count II), Defendant Kroll was negligent under the common law of the State of Illinois (Count III), and such act violated the Illinois Consumer Fraud and Deceptive Business Practices Act ("ICFA")(Count IV).

Defendant Kroll contends that not a single portion of Plaintiff's Complaint provides it sufficient notice pursuant to Federal Rule of Civil Procedure 8(a). Plaintiff's complaint as to each count, however, is more than adequate and does comply with FRCP 8(a) pleading standards. As also will be shown below, Defendant Kroll attempts through its motion to gloss over the FCRA's explicit statutory liability for Kroll's impermissible release and obtaining of Plaintiff's personal credit information under 15 U.S.C. § 1681b, misapplies the very narrow instance in which the FCRA preempts state law claims, incorrectly contends Plaintiff's allegations of Kroll's unfair business conduct under the ICFA must be pled with particularity under FRCP 9(b), and flatly ignores facts clearly set forth in Plaintiff's Complaint alleging the "when" and "how" which are sufficient for ICFA claims of deception pursuant to FRCP 9(b).

## II. STANDARDS FOR DEFENDANT KROLL'S MOTION

A motion to dismiss tests the sufficiency of a complaint, not the merits of a case. *Autry v. Northwest Premium Servs., Inc.*, 144 F.3d 1037, 1039 (7th Cir. 1998). A court confronting such motion mush accept all well-pleaded factual allegations in the complaint as true, drawing all reasonable inferences from those facts in Plaintiff's favor. *Cleveland v. Rotman*, 297 F.3d 569, 571 (7th Cir. 2002). A district court may grant such motion only if "no relief could be granted under any set of facts that could be proved consistent with the allegations." *Hishon v. King & Spalding*, 467 U.S. 69, 73, 104 S.Ct. 2229, 81 L.Ed.2d 59 (1984). A Plaintiff's factual allegations in its complaint must be enough to raise a right to relief above the speculative level. *Bell Atlantic Corp. v. Twombly*, -- U.S. --, 127 S.Ct. 1955, 1964-65, 167 L.Ed.2d 929 (2007). "Specific facts are not necessary, the statement need only 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Erickson v. Pardus*, -- U.S. --, 127 S.Ct. 2197, 2200, 167 L.Ed.2d 1081 (2007)(quoting *Bell Atlantic*, 128 S.Ct. at 1964); *Airborne Beepers & Video, Inc. v. AT&T Mobility LLC*, -- F.3d --, 499 F.3d 663, 666 (7th Cir. 2007) (7th Cir. 2007). FRCP 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief," in order to "'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atlantic*, 127 S.Ct. at 1694 (quoting *Conley v. Gibson*, 355 U.S. 41, 47, 78 S.Ct. 99, 2 L.Ed. 2d 80 (1957). Only at the point where the factual detail in a plaintiff's complaint is "*so sketchy* that the complaint does not provide the type of notice of the claim to which the defendant is entitled under Rule 8" is dismissal under Rule 12(b)(6) merited. *Airborne Beepers*, 499 F.3d at 666 (emphasis added)

### III. ARGUMENT

**A. Plaintiff Adequately Puts Kroll on Notice of Its Liability Under the FCRA**

*(1) Kroll's Liability for Willful and/or Negligent Violations Under 1681b is Independent of Its Obligation Under 1681e(a) to Maintain Reasonable Procedures*

Count I of Plaintiff's Complaint specifically alleges Defendant Kroll willfully and/or negligently violated the FCRA. (Compl. p. 6) Defendant Kroll's liability for willful and negligent violations under the FCRA is set forth in 15 U.S.C §§ 1681n and 1681o, respectively. Plaintiff alleges Defendant Kroll's conduct willfully and/or negligently violated the express prohibitions under section 1681b to furnish and obtain a consumer report under no circumstances other than those enumerated under section 1681b. (Compl. ¶¶ 19, 32, 33, 41) Defendant Kroll contends the Complaint failed to state a claim for relief because Plaintiff did not further allege Kroll did not maintain reasonable procedures to limit the furnishing of consumer reports to the purposes listed. As noted below, the FCRA does not mandate Plaintiff allege unreasonable procedures to prove violations under sections 1681n or 1681o.

The FCRA provides that consumer reporting agencies have two separate obligations at the time they release consumer reports to users, and they should be liable under the FCRA for failing to comply with *either* provision. National Consumer Law Center, Fair Credit Reporting, § 7.5.1, p.237 (6th ed. 2006)[1] First, as alleged in Plaintiff's Complaint, a consumer reporting agency such as Kroll cannot release consumer reports for impermissible purposes, and both negligent and willful violations of this requirement are actionable under the FCRA. 15 U.S.C. §§ 1681b(a), 1681n, and 1681o.[2]

---

[1] The Court of Appeals for the Seventh Circuit recently cited to similar manuals published by the National Consumer Law Center as persuasive secondary authority for interpretation of the plain meaning of statutes within the federal Consumer Protection Act, the federal statute under which the FCRA falls. *See Evory v. RJM Acquisitions Funding L.L.C.*, 505 F.3d 769, 773 (7th Cir. October 23, 2008)(citing to NCLC manual interpreting plain meaning of FDCPA provisions).

[2] Subsection (a) of section 1681b provides, in relevant part, that:

> any consumer reporting agency may furnish a consumer report under the following circumstances and no other:
> (1) In response to the order of a court having jurisdiction to issue such an order, or a subpoena issued in connection with proceedings before a Federal grand jury.
> (2) In accordance with the written instructions of the consumer to whom it relates.
> (3) To a person which it has reason to believe –
> (A) intends to use the information in connection with a credit transaction involving the consumer on whom the information is to be furnished and

Separately and additionally, the FCRA requires Defendant Kroll to "maintain reasonable procedures to . . . limit the furnishing of consumer reports to the purposes listed." 15 U.S.C § 1681e(a). Accordingly, Defendant Kroll could be liable if it either negligently or willfully furnishes Plaintiff's credit reports for impressible purposes or if it negligently or willfully does not maintain reasonable procedures when furnishing credit reports. National Consumer Law Center, Fair Credit Reporting, § 7.5.1, p.237 (6th ed. 2006)

The plain meaning of the sections of the FCRA that create liability for negligent and willful conduct is extraordinarily broad. Section 1681n, entitled "Civil liability for willful noncompliance," states in relevant part that "[a]ny person who willfully fails to comply with *any* requirement imposed under this subchapter with respect to any consumer is liable to that consumer . . . ." 15 U.S.C. § 1681n(a)(emphasis added)    Similarly, section 1681o, entitled "Civil liability for negligent noncompliance" states in relevant part that "[a]ny person who is negligent in failing to comply with *any* requirement imposed under this subchapter with respect to any consumer is liable to that consumer . . . ." 15 U.S.C. § 1681o(a). It is a requirement pursuant to section 1681b(a) and 1681b(f) that furnishing or obtaining of consumer reports, respectively, are confined only to the permissible purposes enumerated in 1681b(a). It is a separate requirement that a consumer reporting agency maintain reasonable procedures to prevent impermissible release of a consumer report pursuant to 1681e(a). If Congress intended to narrowly circumscribe a consumer reporting agency's liability for

---

> involving the extension of credit to, or review or collection of an account of t, the consumer; or
> (B) intends to use the information for employment purposes; or
> (C) intends to use the information in connection with the underwriting of insurance involving the consumer; or
> (D) intends to use the information in connection with the determination of the consumer's eligibility for a license or other benefit granted by a governmental instrumentality required by law to consider an applicant's financial responsibility or status; or
> (E) intends to use the information, as a potential investor or servicer, or current insurer, in connection with a valuation of, or an assessment of the credit or prepayment risks associated with, and existing credit obligation; or
> (F) otherwise has a legitimate business need for the information –
> (i)  in connection with a business transaction that is initiated by the consumer; or
> (ii)  to review an account to determine whether the consumer continues to meet the terms of the account.
> (4)  In response to a request by the head of a State or local child support enforcement agency . . . .
>
> 15 U.S.C. § 1681b(a).

4

willful and negligent violations in the instances in which a credit reporting agency furnishes reports, it should have expressly modified the broad meaning of the word "any" as that word is used in both sections 1681n and 1681o. It has not, and this Court should decline Defendant Kroll's invitation to do so.

Clearly, a consumer reporting agency's liability for impermissible release of a consumer report is independent of a claim a credit reporting agency does not maintain reasonable procedures. Such reading of the FCRA is entirely consistent with a key Congressional purpose that originally prompted enactment of the FCRA – stringent protection of confidential consumer information in recognition of the "grave responsibility" consumer reporting agencies have over individuals' right to privacy. *See* 15 U.S.C. § 1681(a)(4). This key purpose was underscored by Senator Proxmire at the introduction of the bill that culminated in the passage of the FCRA. Senator Proxmire noted,

> The fact that credit reporting agencies maintain files on millions of Americans, including their employment, income, bill paying record, marital status, habits, character and morals is not in and of itself so disturbing. What is disturbing is that this practice will continue, and will have to continue, if we continue to have an insurance system and a consumer credit system of the kind we have. What is disturbing is the lack of any public standards to ensure that the information is kept confidential and used only for its intended purpose.

115 Cong. Rec. 2413 (1969); *see also* 114 Cong. Rec. 24,903 (1968)(remarks of Sen. Proxmire). To suggest this Court narrowly confine Defendant Kroll's liability to an inquiry in every circumstance of the reasonableness and maintenance of Kroll's own procedures would undermine the express Congressional intent to safeguard confidential consumer information and the unique "grave responsibility" consumer reporting agencies have over individuals' right to privacy.

Moreover, the reasonableness and maintenance of Kroll's own procedures is not even an affirmative defense to Plaintiff's allegations Kroll negligently and/or willfully furnished Plaintiff's credit report for an impermissible purpose under section 1681b(a). The FCRA, when it intends to permit reasonableness of procedures to act as a defense, explicitly does so. *See e.g.* 15 U.S.C. § 1681d(c)(placing express burden of proof on credit reporting agency to present evidence of reasonableness of its procedures); *and* 15 U.S.C. § 1681m(c)(same); National Consumer Law Center, Fair Credit Reporting, § 10.2.2.4, p.304 (6th ed. 2006)(same). Under section 1681b no express affirmative defense for the maintenance of reasonable procedures exists, and this Court should not

permit Kroll to create one within section 1681b by virtue of its motion to dismiss in the absence of express Congressional intent directly within section 1681b. *See generally*, 15 U.S.C. § 1681b.

*(2) Plaintiff Sufficiently Alleges Defendant Kroll Obtained Plaintiff's Credit Report from Trans Union Without a Permissible Purpose*

As a reseller of merged reports, Plaintiff alleges Defendant Kroll violated the FCRA by furnishing Plaintiff's report without a permissible purpose (*supra*.) and by obtaining Plaintiff's Trans Union credit report without a permissible purpose. (Complaint ¶¶ 19, 42) Under sections 1681n and 1681o of the FCRA, for allegations of willful or negligent <u>acquisition</u> of a consumer report, a plaintiff must simply prove that (1) there was a consumer report, (2) the defendants used or obtained it, and (3) that they did so without a permissible statutory purpose. *Phillips v. Grendahl*, 312 F.3d 357, 364 (8th Cir. 2002); *Geer v. Medallion Homes Ltd. Partnership*, 2005 WL 2708992 *4 (E.D. Mich. 2005). Because Plaintiff alleges Kroll obtained Plaintiff's personal credit information from Trans Union without a permissible purpose before it subsequently released it to the other defendants, subsection (a) of section 1681e is wholly inapplicable. Accordingly, Defendant Kroll's motion as to Count I should be denied.

*Dobson v. Holloway*, 828 F.Supp. 975 (M.D.Ga. 1993), a case upon which Defendant Kroll heavily relies, is neither instructive nor persuasive. First, the court in *Dobson* did not confront the issue of a requestor's liability for <u>obtaining</u> a report without a permissible purpose. *See generally id.* Therefore, it provides no application to the instances specified in Plaintiff's Complaint when Kroll allegedly violated the FCRA when Kroll requested Plaintiff's credit report from Trans Union without a permissible purpose. (Compl. ¶¶ 19,42) Second, the court in *Dobson* never addressed and analyzed the plain meaning of sections 1681n or 1681o and the FCRA's use of the broad word "any" appearing in either section of the FCRA. *See generally*, 828 F.Supp. 975  Third, the *Dobson* court failed to provide any rationale for its conclusions, much less endeavored to reconcile those conclusions against the express Congressional purpose to safeguard consumer credit information as part of a consumer reporting agency's "grave responsibility" to protect individuals' rights to privacy. *Id*. Fourth, the court in *Dobson* did not recognize or address the fact the FCRA expressly provides for inquiry into the reasonableness of a credit reporting agency's procedures as an affirmative defense in other circumstances within the act but not others, and Congress could have done so under section 1681b(a)

6

if that was indeed a requirement. *Id*. Finally, *Dobson* was procedurally distinct because it involved a motion for summary judgment and not a motion to dismiss. *Id*.[3]

**B. The Narrow Preemption Contained in Section 1681t of the FCRA Does Not Preempt Plaintiff's Common Law or ICFA Claims**

The general rule explicitly set forth in the FCRA is that state law is not preempted unless it is inconsistent with the FCRA or unless it is explicitly preempted by section 1681t(a). 15 U.S.C § 1681t(a). Defendant Kroll nevertheless contends that a certain other subsection of section 1681t of the FCRA should preclude Plaintiff Hayes' common law claims for invasion of privacy (Count II), negligence (Count III) and violation of the Illinois Consumer Fraud and Deceptive Business Practices Act (Count IV). Citing to and relying upon section 1681t(b)(1)(A),[4] Defendant Kroll contends each claim in Plaintiff's Complaint should fail because each "directly relates to the prescreening of consumer reports." (Mot. pp. 7-8) Nowhere in Plaintiff's complaint, however, does Plaintiff even remotely recite facts that pertain to prescreening.[5] Plaintiff instead actually cites to subsection (a) of

---

[3] Just as *Dobson* is insufficient for lack of its analysis on any of these points, similar scant analysis was made in the cases of *Petrafesa v. First American Real Eatate Information Serivces, Inc*., 2007 WL 71097 (N.D.N.Y. 2007) and *Dotzler v. Perot*, 876 F.Supp. 207 (E.D. Mo. 1995). Kroll's misplaced reliance on the summary judgment holding in *Petrafesa* (Mot. p. 6) is underscored by its bald assertion about the large volume of requests for reports the credit bureaus receive. In fact, Defendant Kroll's reliance on *Petrafesa* here is tantamount to requesting this Court to adopt a *per se* rule that credit reporting agencies be permitted to let loose consumer reports because bureaus cannot adequately investigate each request due to volume of the requests. *See id*. Neither is there yet evidence before the court concerning the volume of requests, nor should Defendant Kroll's pecuniary interest in letting consumer reports fly justify its now claim Plaintiff's Complaint fails to adequately state negligent or willful violations of the FCRA.

[4] Defendant Kroll noted in mere passing the existence of another limited and express provision in the FCRA pertaining to preemption – section 1681h(e). Defendant Kroll, however, rejected the application of this section and instead relied upon subsection (b) of section 1681t in its argument in favor of its motion to dismiss. Nevertheless, should Defendant Kroll later recognize the fundamental flaw in having relied upon 1681t and be so bold as to wait until submission of its reply to additionally argue in favor of preemption under 1681h(e), Plaintiff simply notes the preemptive provisions of subsection (e) of section 1681h similarly do not provide for preemption of Plaintiffs claims. *See* 15 U.S.C. § 1681h(e)(preempting only of defamation, invasion of privacy and common law negligence claims arising from duties of credit reporting agencies noted in "1681g, 1681h or 1681m" of the FCRA). Since Defendant Kroll's liability is not premised on any of these three sections, any potential future alternate preemption argument must also fail.

[5] Since prescreening is a concept that is evidently and remarkably foreign to Defendant Kroll, the Seventh Circuit Court of Appeals recently explained prescreening under the FCRA as follows:

> A company usually may access a consumer's credit information only if the consumer initiates the transaction. The statute makes an exception, however: Firms may obtain lists of names and addresses that credit bureaus generate from their databases according to the stated criteria. For example, a bank might ask for a list of everyone in Illinois who purchased a home, with a mortgage loan, during the last three years and is current on payment. That list may be used to make an offer of refinancing, or of a loan against the equity in the residence. The statute

section 1681b as the source of Defendant Kroll's liability in the Complaint twice – both times within the clearly and concisely labeled "Causes of Action" section under Count I of the Complaint. (Compl., ¶¶ 32, 33)

Subsection (b) of section 1681t applies, by its express and plain language, <u>only</u> to "subsection (c) or (e) of section 1681b". 15 U.S.C. § 1681t(b)(1)(A). Section 1681t does not apply to subsection (a) of section 1681b. If it did, 1681t(b)(1)(A) would explicitly say so - just as it did in relation to subsections (c) and (e). The explicit recognition of two subsections to the exclusion of another demonstrates that Congress recognized their different meanings and could have further expanded upon the preemptive effect over state law claims instead of confining it to these two subsections. *See Duncan v. Walker*, 533 U.S. 167, 173, 121 S.Ct. 2120, 150 L.Ed.2d (2001)("it is generally presumed that Congress acts intentionally and purposefully" in using particular statutory language). Moreover, the word "section" is an established organizational terms that Congress uses in drafting legislation and is distinct from subparts such as "subsections." *Koons Buick Pontiac GMC, Inc. v. Nigh,* 543 U.S. 50, 12 S.Ct. 460, 467, 160 L.Ed. 2d 389 (2004). Rather than permit Defendant Kroll to manufacture prescreening allegations not alleged in the complaint to fit its argument or permit it to controvert the express rule limiting the preemption of state law claims contained within the FCRA itself, the Court should simply deny Kroll's motion to dismiss.

**C. Plaintiff Meets FRCP 9(b) Pleading Standards for Plaintiff's ICFA Claim**

Defendant Kroll contends Plaintiff failed to plead fraud with particularity as required by Fed.R.Civ.P. 9(b), and therefore Plaintiff's entire claim against it under the ICFA contained in Count IV should be dismissed.[6] The Complaint is sufficient under Rule 9(b), and Defendant Kroll's motion should be denied.

---

allows this only if the person requesting the information uses it to make "a firm offer of credit or insurance". Murry v. New Cingular Wireless Servs., Inc.,--F.3d --, 2008 WL 1701839 *1(7th Cir. April 14, 2008)(citing 15 U.S.C. §1681b(c)(1)(B)(i)). Nowhere in the Complaint does Plaintiff's suggest that the credit report Defendant Kroll actually released without a permissible purpose simply contained Plaintiff's name and address on a list of many other consumers that was formed based upon qualifying credit information First Chicago submitted to Kroll for the purposes of extending a firm offer of credit to Plaintiff.

[6] Plaintiff notes Defendant Kroll does not contend that Plaintiff's Complaint does not comport with state statute pleading requirements for ICFA claims. Instead, Kroll limits its attack on Plaintiff's complaint to Rule 9(b)  *Cf. Saltzman v. Pella Corp.*, 2007 WL 844883, *2-3(finding distinct and sufficiently plead facts under both state statute and FRCP 9(b)). Accordingly, Plaintiff expressly does not attempt herein to rebuff potential later assertions the pleading standards are inadequate under state statute pleading requirements for the ICFA.

Rule 9(b) of the Federal Rules of Civil Procedure provides that "[i]n all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity. Malice, intent, knowledge and other condition of mind of a person may be averred generally." Fed.R.Civ.P. 9(b).

*(1)    The Portions of Plaintiff's ICFA Claims Alleging "Unfair Conduct" Need Not Be Pled With Particularity*

Particularity required under Rule 9(b) "applies to 'averments of fraud,' not claims of fraud, so whether the rule applies will depend on the plaintiff's factual allegations." *Borsellino v. Goldman Sachs Group, Inc.*, 477 F.3d 502, 507 (7th Cir. 2007). A plaintiff may also recover under the ICFA for "unfair as well as deceptive" conduct. *Robinson v. Toyota Motor Credit Corp.*, 201 Ill.2d 403, 266 Ill.Dec. 879, 755 N.E.2d 951, 960-61 (Ill. 2002). Plaintiff pleads that Defendant Kroll's conduct is both "unfair and deceptive." (Complaint ¶¶ 56, 57, 58, 59) The former, unfairness, is not required to be pled with particularity anywhere within FRCP 9(b). Furthermore, as Defendant Kroll accurately notes in its own motion, Plaintiff does not presently allege any claims against Defendant Kroll for common law fraud. (*See generally*, Compl.; *and see* Mot. p. 8) Therefore, Defendant Kroll's flat contention that all Plaintiff's ICFA allegations were not sufficiently pled under FRCP 9(b) should fail.

*(2)    Plaintiff Pleads the "When" and "How" With Sufficient Particularity Under Rule 9(b) for Kroll's Alleged Deceptive Conduct*

Particularity under Rule 9(b) "means the who, what, when, where and how: the first paragraph of any newspaper story." *DiLeo v. Ernst & Young*, 901 F.3d 624, 627 (7th Cir. 1990). Defendant Kroll contends only that Plaintiff's first paragraph of the newspaper story lacks the "when" or "how." (Mot., p.8) Plaintiff, however, clearly makes particular averments in his complaint as to both.

<u>When:</u>  Plaintiff clearly alleges a date no fewer than two times on or about which the acts forming the basis of his complaint occurred - February 25, 2007. (Compl. ¶¶ 15 and 19) Plaintiff cannot conceive any greater specificity to place Defendant Kroll on greater notice of the "when" short of alleging: (1) the hour, minute and second Defendant First Chicago and Lambert first contacted Defendant Kroll to order Plaintiff's credit report without Plaintiff's authorization, (2) the hour, minute and second Defendant Kroll received such request, (3) the hour, minute and second Kroll requested Plaintiff's credit information from Trans Union, Equifax and Experian, (4) the hour

9

minute and second Defendant Kroll merged information all three such bureaus reported to it, and (5) the hour minute and second Defendant Kroll thereafter released Plaintiff's report to the other defendants - all timing exclusively within the knowledge of the respective defendants.  Plaintiff's further specific allegation Plaintiff learned of the Kroll Report for the first time from an adverse litigant in the United Kingdom on or about April 7, 2008, underscores the futility and absurdity of any greater requirement than what Plaintiff already pleads.  (Compl. ¶ 26)

     *Newman v. Apex Financial Group*, No. 07 C 4475, 2008 WL 130924 (N.D.Ill. Jan. 11, 2008), relied upon by Defendant Kroll, is clearly distinguishable.  The district court in *Newman* concluded that acts alleged to have occurred "sometime before November of 2006" were insufficient for fraud-based ICFA claims.  *Id*. at *6.  In addition to contrasting the vague time frame in *Newman* against the specific "on or about February 25, 2007" date in Plaintiff's Complaint, *Newman* is unlike the instant case because the plaintiff there was a party to the transaction wherein the alleged deceptive actions occurred and, presumably, had greater first-hand knowledge to make much more specific temporal allegations in his Complaint.  Here Plaintiff is confined by the circumstances to plead any more of the "when" than he does because his credit report was obtained and released without his knowledge or consent.

     <u>How</u>:  Plaintiff clearly puts Defendant Kroll on notice of the "how" it violated the ICFA: all its violations of the FCRA constituted violations of the ICFA (Compl. 57); it released Plaintiff's personal financial information without his authorization (Compl. ¶ 58); and Defendant Kroll both obtained Plaintiff's credit report from Trans Union and thereafter released Plaintiff's credit report with scant and inaccurate information of the identity upon whom a report was obtained and released.  (Compl. ¶ 59)   Even more specifically, the "how" consists of Defendant Kroll releasing Plaintiff's personal credit information even though: (1) Kroll was given bogus social security number with only one of nine sequential numbers matching, (2) Kroll was given an incorrect date of birth, and (3) Kroll was provided Illinois resident address information for Plaintiff even though Plaintiff resides on the other side of the Atlantic Ocean.  (Compl. ¶ 3, 15,  17, 18, 19, 20, 21, 22, 23, 24.)  The "how" further consists of the alleged facts Kroll released Plaintiff's credit report despite clear indication on the very face of the credit report two of three bureaus had informed Kroll in all capital letters "NO HITS/NO RECORDS FOUND," and Trans Union reported a completely different social security number than the other defendants provided to Defendant Kroll. (Compl. ¶¶ 20, 21, 22, 23)

To the extent Defendant Kroll's conclusory claim to be lacking the "how" also encompasses within its meaning that Kroll believes Plaintiff's averments to its state of mind are not sufficient, Plaintiff meets the Rule 9(b) standard of general averments to Kroll's state of mind by merely stating Kroll acted knowingly, willfully and maliciously. (Compl. ¶¶ 28, 59) Plaintiff certainly alleges sufficient particularity under Rule 9(b) to have put Defendant Kroll on notice of both the "when" and "how" of Plaintiff's statutory deceptive and unfair claims under the ICFA.

Finally, drawing all reasonable inferences in Plaintiff's favor, none of the foregoing is "so sketchy" in Plaintiff's complaint as to fail to put Defendant Kroll on notice of Plaintiff's claims. *See Cleveland*, 297 F.3d at 571; *Airborne Beepers*, 499 F.3d at 666. Thus, Defendant Kroll's motion to dismiss Count IV of Plaintiff's Complaint should be denied.

## IV.  CONCLUSION

The entirety of Defendant Kroll Factual Data's Motion to Dismiss should be denied.

DATED this 17th day of April, 2008.                Respectfully submitted,

**MENGEDOTH LAW FIRM LLC**


_____/s Paul B. Mengedoth_____
Paul B. Mengedoth (AZ Bar No. 18507) (*pro hac vice*)
2425 E. Camelback Rd., Ste 600
Phoenix, Arizona 85016

Attorneys for Plaintiff Timothy F L Hayes

## CERTIFICATE OF SERIVCE

I hereby certify that on April 17, 2008, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to each of the following:

Steven P. Gomberg (#1004204)
Michael S. Mayer (#6290161)
Freeborn & Peters LLP
311 S. Wacker Drive, Suite 3000

11

Chicago, IL 60606-6677
Attorneys for Defendant Kroll Factual Data
Corporation


Kevin W. Doherty (# 3128844)
Todd E. Macey (# 6286767)
DOHERTY & PROGAR LLC
200 West Adams Street, Suite 2220
Chicago, IL 60606
Attorneys for Defendant First Chicago
Mortgage Co.

Keith J. Keogh
Alexander H. Burke
LAW OFFICES OF KEITH J. KEOGH, LTD.
227 W. Monroe St., Ste. 2000
Chicago, IL 60606
Co-counsel for Plaintiff Hayes


/s Paul B. Mengedoth