**THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| TIMOTHY F.L. HAYES, a resident of<br>The United Kingdom | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 08 C 632 |
| | ) | |
| FIRST CHICAGO MORTGAGE CO., an<br>Illinois corporation, JASON J. LAMBERT, an<br>Illinois resident, KROLL FACTUAL DATA<br>CORPORATION, a Colorado corporation,<br>JOHN DOES 1-5, and ABC<br>CORPORATIONS 1-5, | ) | |
| | ) | |
| Defendants. | ) | |

**DEFENDANT KROLL FACTUAL DATA CORPORATION'S REPLY MEMORANDUM**
**IN SUPPORT OF ITS MOTION TO DISMISS PLAINTIFF'S COMPLAINT**

Defendant, KROLL FACTUAL DATA CORPORATION ("Kroll"), by and through its undersigned counsel, Freeborn & Peters LLP, hereby submits its Reply Memorandum in Support of Its Motion to Dismiss Plaintiff's Complaint:

**INTRODUCTION**

Plaintiff's Response and Memorandum of Law in Opposition to Defendant Kroll's Motion to Dismiss ("Response") fails to refute the arguments raised in Kroll's Motion to Dismiss. First, the Response points to no applicable case law to support its arguments that Plaintiff's Complaint states a valid claim under Federal Fair Credit Reporting Act ("FCRA"). Plaintiff cannot avoid the case law cited in Kroll's Memorandum in Support of Its Motion to Dismiss ("Kroll's Memorandum") that is directly on point and demonstrates that Plaintiff's lack of pleading any willful or negligent failure by Kroll to maintain reasonable procedures under 15 U.S.C. 1681e should result in dismissal of his first count. Second, the Response does not

adequately demonstrate that Plaintiff's state law claims should not be pre-empted. Third, the

Response does not demonstrate that Plaintiff's state law Illinois Consumer Fraud Act ("ICFA")

claim is sufficiently plead under Federal Rule of Civil Procedure ("Rule") 9(b).

## ARGUMENT

A. **Count I of the Complaint Fails to State a Valid Claim Against Kroll Under the FCRA and Plaintiff's Response Does Not and Cannot Show Otherwise.**

Plaintiff's FCRA claim fails to state a claim against Kroll because there is no allegation

that Kroll either willfully or negligently failed to "maintain reasonable procedures designed

to...limit the furnishing of consumer reports to the purposes listed under section 1681b" or that

Kroll did not have "reasonable grounds for believing that the consumer report will not be used

for a purpose listed in section 1681b."[1] 15 U.S.C. 1681e(a)[2]; *Dobson v. Holloway*, 828 F. Supp.

975 (M.D.Ga. 1993); *Dotzler v. Perot*, 876 F. Supp. 207 (E.D.Mo. 1995); *Pietrafesa v. First

American Real Estate Information Services, Inc.*, No. 1:05-CV-1450, 2007 WL 710197

(N.D.N.Y. March 6, 2007) (slip op.). While Plaintiff argues in his Response that such an

allegation is not necessary, he fails to cite to any applicable case law to support his arguments[3]

and he cannot avoid the applicable case law cited in Kroll's Memorandum that show such an

---

[1] Plaintiff argues in his Response that the Complaint at page 6 specifically alleges Defendant Kroll willfully and/or negligently violated the FCRA. (*See* Response at 3.) However, the Complaint at page 6 makes no such allegation and, more importantly, such a general allegation would still be insufficient to state a claim against Kroll, as demonstrated in this brief and Kroll's Memorandum.

[2] 15 U.S.C. 1681e(a) states that "[e]very consumer reporting agency shall maintain reasonable procedures designed to...limit the furnishing of consumer reports to the purposes listed under section 1681b of this title. ... Every consumer reporting agency shall make a reasonable effort to verify the identity of a new prospective user and the uses certified by such prospective user prior to furnishing such user a consumer report. No consumer reporting agency may furnish a consumer report to any person if it has reasonable grounds for believing that the consumer report will not be used for a purpose listed in section 1681b of this title."

[3] Plaintiff's citation at page 6 of his Response to *Phillips v. Grendahl*, 312 F.3d 357, 264 (8th Cir. 2002) and *Geer v. Medallion Homes Ltd. Partnership*, 2005 WL 2708992, at *4 (E.D.Mich. 2005) is unhelpful and off-point. This motion relates to allegations against a purported consumer reporting agency/reseller. *Phillips* involved a suit against a prospective mother-in-law and the private investigation agency she hired to obtain a consumer report in an investigation of her daughter's boyfriend; therefore, the case dealt with a user of a credit report obtaining such report without a permissible purpose. *Geer* likewise involved a user of a credit report obtaining such report without a permissible purpose (and even granted defendant's motion for summary judgment).

allegation is in fact necessary.  Instead, the Response is full of irrelevant arguments, unhelpful citations to congressional records,[4] and sections of the Complaint and FCRA that are not at issue.[5]

Contrary to Plaintiff's argument on page 4 of his Response,[6] an actionable violation under section 1681b in fact is subject to the language under section 1681e (Compliance procedures).  *See Dobson*, 828 F. Supp. at 977; *Dotzler*, 876 F. Supp. 207 (granting motion to dismiss section 1681b claim); *Pietrafesa*, 2007 WL 710197, at *3.  The requirements in the two sections are not separate, but instead are intertwined.  *Id.*  Case law clearly shows that Plaintiff must plead violations of both in order to state a proper cause of action against Kroll, which the Complaint fails to do.  *Id.*

As outlined in Kroll's Memorandum, the *Dobson* case is on point.[7]  *See Dobson*, 828 F. Supp. at 977 ("The fact that a consumer report is furnished for an impermissible purpose, however, does not result in automatic liability.  **Liability is imposed only when the consumer**

---

[4] The congressional records cited by Plaintiff at page 5 of his Response merely show that prior to the FCRA's enactment there was a desire to implement a system to try to ensure that information contained in credit reports is used for its intended purpose.  This came to fruition in the enactment of FCRA's 1681b and 1681e sections (among others).

[5] At page 5 of his Response, Plaintiff attempts to distract this Court by stating that the reasonableness and maintenance of Kroll's own procedures "is not even an affirmative defense to Plaintiff's allegations."  Although such an argument by Plaintiff is irrelevant to this motion to dismiss, Kroll does not agree with Plaintiff's assertions and obviously reserves the right to claim any and all applicable affirmative defenses.

[6] Plaintiff also fails to cite any authority for his statement that "[c]learly, a consumer reporting agency's liability for impermissible release of a consumer report is independent of a claim a credit reporting agency does not maintain reasonable procedures."  (Response at 5.)  This is not surprising as there is no viable authority for such a statement.

[7] Plaintiff's Response does not, and cannot, distinguish *Dobson*. (*See* Response at 6-7.)  Plaintiff first argues that in *Dobson* the court did not confront the issue of a requestor's liability for obtaining a report without a permissible purpose.  However, as stated directly in Kroll's Memorandum, the *Dobson* court did confront such an issue and even assumed – for purposes of the motion for summary judgment – that the credit file was furnished for an impermissible purpose.  *Dobson* at 976; Kroll's Memorandum at 4.  Thus, the court confronted the issue with an assumption in favor of the plaintiff and still found against the plaintiff.  As to Plaintiff's other arguments, the court in *Dobson* never confronted the plain meaning of sections 1681n or 1681o or looked at Congressional purposes of the FCRA because such an analysis was clearly unnecessary.  Additionally, neither 1681n or 1681o appear in Plaintiff's Complaint.  The only distinction that Plaintiff can make is that *Dobson* involved a motion for summary judgment, not a motion to dismiss, but such a distinction is irrelevant to the propositions for which Kroll cites to *Dobson* and for which Kroll's motion should be granted.

**reporting agency either willfully or negligently fails to maintain reasonable procedures to avoid violations of, i.e. § 1681b.**") (emphasis added).    The *Dotzler* case cited in Kroll's Memorandum is also directly on point.    In *Dotzler*, the court granted a motion to dismiss for failure to state a cause of action under the FCRA because there was no allegation relating to the defendant's compliance procedures. *Dotzler*, 876 F. Supp. 207.  The plaintiff in *Dotzler* even attempted to make the same argument that Plaintiff now makes in his Response: that section 1681o allows him to bring a civil action for negligently failing to comply with any requirement without regard to the procedures the credit reporting agency maintained.    *Id.* at 208; *see* Response at 3-4.  However, the court in *Dotzler* was not fooled by such an argument. *Id.* at 208-09.  The *Dotzler* court agreed with the defendant in that it could not be subjected to civil liability simply because it furnished a report for an impermissible purpose; its only duty under the FCRA in connection with 1681b is to maintain reasonable procedures designed to ensure that it furnishes consumer reports for the purposes listed under section 1681b.[8]  *Id.*  Plaintiff's Response does not even attempt to distinguish *Dotzler* other than stating that the court made only "scant analysis."  However, a complex analysis is not necessary for this simple, straightforward issue regarding inadequacy of pleading.

Plaintiff, on page 3 of his brief, cites to the National Consumer Law Center, Fair Credit Reporting manual as support for his belief that "consumer reporting agencies have two separate obligations at the time they release consumer reports to users, and they should be liable under the FCRA for failing to comply with *either* provision."[9]  (Response at 3.)  However, while the

---

[8] Again, as mentioned in Kroll's Memorandum, Kroll denies that it furnished a report for an impermissible purpose but the law requires it to take allegations in the Complaint as true for purposes of this motion to dismiss.
[9] It should be noted that Plaintiff cites to a Seventh Circuit case (*Evory v. RJM Acquisitions Funding L.L.C.*, 505 F.3d 769, 773 (7th Cir. Oct. 23, 2007)) to argue that such secondary authority may be considered persuasive, though the court in *Evory* did also cite to a case along with its citation to the manual and the *Evory* case involved the Fair Debt Collection Practices Act, not the FCRA.

manual does make such a statement, the case law to which it cites for that statement does not support such a conclusion and, furthermore, it mentions that *Dobson* and *Dotzler* directly contradict such a statement. *Kennedy v. Border City Sav. & Loan Ass'n*, 747 F.2d 367 (6th Cir. 1984), cited by the manual in support of the statement, is a case that merely confronts the issue of whether Section 1681q's criminal prohibition against obtaining information under false pretenses is a 'requirement' of the Act within Section 1681n. *See Kennedy* at 368. *Batdorf v. Equifax*, 949 F. Supp. 777 (D. Haw. 1996), the other case cited by the manual in support of the statement, actually grants the defendant credit reporting agency's motion for summary judgment and even states that the plaintiff in that case contended *both* that the defendant accessed his report for an improper purpose *and* that the defendant was negligent for not instituting reasonable procedures to ensure that plaintiff's credit report was not accessed by the defendant for an improper purpose. *Batdorf* at 779. Thus, *Batdorf* actually shows that a complaint must contain both allegations to be valid.[10] This falls in line with both *Dobson* and *Dotzler*, which, again, were cited as *"but see"* cases in the manual.[11]

In sum, the Response attempts to distract the court from the concrete requirement established by federal case law that, in order to allege a violation of the FCRA for furnishing a credit report without a permissible purpose, the Plaintiff must establish that the defendant consumer reporting agency or reseller willfully or negligently failed to maintain reasonable procedures under section 1681e. The courts' holding in *Dobson* and *Dotzler* and the language in 1681e demonstrate that the FCRA is not a strict liability statute. Plaintiff's Complaint attempts to ignore such a policy and, again, is effectively trying to make Kroll strictly liable for furnishing

---

[10] The court in *Batdorf* even spends a number of paragraphs analyzing the defendant's reasonable procedures.

[11] The Response also claims that "the FCRA does not mandate Plaintiff allege unreasonable procedures to prove violations under sections 1681n or 1681o." (Response at 3.) That statement has no cited support, is irrelevant since Plaintiff's allegations against Kroll relate to sections 1681b, and is not supported by the applicable case law.

a credit report. There is no allegation in Count I that Kroll either willfully or negligently failed to maintain reasonable procedures to avoid violations of section 1681b. *See Dobson* at 977. Therefore, Count I of the Complaint must be dismissed against Kroll for failure to state a claim because it fails to plausibly suggest that Plaintiff has a right to relief.[12] *Montgomery v. City of Harvey*, No. 07-CV-4117, 2007 WL 4232729, at *1 (N.D.Ill. Nov. 28, 2007).

**B.    Counts II, III, and IV of the Complaint are Pre-Empted By Its FCRA Section 1681b Claim.**

Plaintiff's Response does not demonstrate that Counts II (invasion of privacy), III (negligence), or IV (Illinois Consumer Fraud Act) should not be preempted. These counts are based on the same factual allegations as Count I's FCRA claim. As stated in Kroll's Memorandum, the FCRA contains two pre-emption clauses, sections 1681h(e) and 1681t. Plaintiff's Response claims that the source of the allegations against Kroll are subsection (a) of section 1681b and that, since the 1681t pre-emption section only relates to subsection (c) or (e) of section 1681b, such pre-emption section cannot apply. (Response at 7-8.) However, Plaintiff fails to note that paragraph 41 of the Complaint contains allegations against Kroll that cite to section 1681b generally (and thus encompasses all subsections).

Additionally, it appears from the insufficient pleading in the Complaint that Plaintiff's allegations do relate to whether or not Kroll properly screened the credit report before furnishing it to a user. (*See, e.g.*, Cmplt. at ¶ 24.) Therefore, the allegations relate to prescreening of consumer reports and, under 1681t(b)(1)(A), Counts II, III, and IV (state law claims) are pre-empted and should be dismissed. *See Krey v. Castle Motor Sales, Inc.*, 241 F.R.D. 608 (N.D.Ill.

---

[12] On pages 6 through 7 of his Response, Plaintiff attempts to avoid the law mentioned above by arguing that he sufficiently alleged that Kroll obtained Plaintiff's credit report without a permissible purpose. Such an allegation by itself, as demonstrated above, is not sufficient to avoid a motion to dismiss.

2007) (finding state law claims, for invasion of privacy and violation of the ICFA, pre-empted under 1681t for allegations related to section 1681b).

## C.    Count IV of the Complaint is Legally Insufficient Under Pleading Standards.

Plaintiff's Count IV (an ICFA claim) is insufficiently plead under Rule of 9(b) because the fraud-based claims are not alleged with sufficient particularity. Fed. R. Civ. P. 9(b); *Newman v. Apex Financial Group*, No. 07 C 4475, 2008 WL 130924, at *5 (N.D.Ill. Jan. 11, 2008); *Cardionet, Inc. v. Lifewatch Corp.*, No. 07 C 6625, 2008 WL 567031, at * 2 (N.D.Ill. Feb. 27, 2008) ("ICFA claims sounding in fraud must also meet the pleading requirements of Rule 9(b)"). Count IV is a fraud-based claim that alleges "Defendants' violations of the FCRA constituted violations of the ICFA because they were deceptive and unfair." (Cmplt. at ¶ 56.) As noted by Plaintiff in his Response at page 9 and stated in Kroll's Memorandum, in order to plead his fraud-based claim with the particularity required under Rule 9(b), the Plaintiff must provide the who, what, when, where, and how. *Id.*, at *6, *citing Borsellino v. Goldman Sachs Group, Inc.*, 477 F.3d 502, 507 (7th Cir. 2007); *Conditioned Ocular Enhancement, Inc. v. Bonaventura*, 458 F. Supp. 2d 704, 709 (N.D.Ill. 2006) (Zagel, J.) (Rule 9(b) requires the circumstances of the fraud alleged in an ICFA claim to include "the who, what, when, where, and how: the first paragraph of any newspaper story.").

Plaintiff's Response fails to adequately address the deficiencies in the pleading of the ICFA claim. The Response fails to demonstrate how Count IV's allegations fulfill all of the requirements set forth by case law and Rule 9(b). As another example of the inadequately pleading, there is no allegation in the complaint demonstrating where Kroll's alleged deception took place, and the Response does nothing to alleviate this failure. Pleading the details of where Kroll's alleged deception took place is necessary, as a private cause of action under the ICFA

may only be pursued if the circumstances that related to the disputed transaction occur primarily

and substantially in Illinois. *Avery v. State Farm Mutual Automobile Insurance Company*, 835

N.E.2d 801, 853-54 (Ill. 2005); *In re Sears Roebuck & Co. Tools Marketing and Sales Practices

Litigation*, Nos. MDL-1703, 05 C 4742, 05 C 2623, 2005 WL 3077606, at * 1-2 (N.D.Ill. Nov.

14, 2005).  As there is no adequate pleading as to where the alleged deception took place, the

Defendants and this Court cannot adequately determine whether Plaintiff has raised a viable

ICFA claim.  This is another example of how Plaintiff's pleading is insufficient.[13]

WHEREFORE, for all the above stated reasons, Defendant KROLL FACTUAL DATA

CORPORATION, respectfully requests that this Honorable Court grant its Motion to Dismiss

Plaintiff's Complaint with prejudice and for any further relief this Court deems just and proper.

Respectfully submitted,

**KROLL FACTUAL DATA CORPORATION**

BY: _____ /s/ Michael S. Mayer _____.
One of Its Attorneys

Steven P. Gomberg (#1004204)
Michael S. Mayer (#6290161)
Freeborn & Peters LLP
311 S. Wacker Drive, Suite 3000
Chicago, Illinois 60606-6677
(312) 360-6000

*Counsel for Defendant Kroll Factual Data Corporation*

Dated:  May 1, 2008

---

[13] At the end of its section on pleading requirements for the ICFA claim, Plaintiff cites to *Cleveland v. Rotman*, 297 F.3d 569, 571 (7th Cir. 2002) and *Airborn Beepers & Video, Inc. v. AT&T Mobility LLC*, 499 F.3d 663, 666 (7th Cir. 2007) as support that Plaintiff's Complaint is not "so sketchy" as to fail to put Defendant on notice of Plaintiff's claims. (Response at 11.)  However, as demonstrated above, that is not the test for adequacy of ICFA fraud-based claims.  Neither *Cleveland* nor *Airborn Beepers & Video* dealt directly with Rule 9.

## CERTIFICATE OF SERVICE

I hereby certify that on May 1, 2008, I electronically filed **Kroll Factual Data Corporation's Reply Brief In Support Of Its Motion To Dismiss Plaintiff's Complaint** with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Alexander Holmes Burke
Keith J. Keogh
Law Offices of Keigh J. Keogh, Ltd.
227 West Monroe Street
Suite 20000
Chicago, IL 60606

Paul B. Mengedoth
Mengedoth Law Firm LLC
2425 E. Camelback Rd., Ste 600
Phoenix, AZ 85016

Kevin William Doherty
Todd Edward Macey
Michael Joseph Progar
Doherty & Progar LLC
200 West Adams Street
Suite 2220
Chicago, IL 60606

Respectfully Submitted,

BY: _____/s/ Michael S. Mayer_____.
                  Michael S. Mayer

Dated:  May 1, 2008

1531570v3