THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| TIMOTHY F.L. HAYES, a resident of The United Kingdom, <br><br> Plaintiff, <br><br> v. <br><br> FIRST CHICAGO MORTGAGE CO., an Illinois corporation, JASON J. LAMBERT, an Illinois resident, KROLL FACTUAL DATA CORPORATION, a Colorado corporation, JOHN DOES 1-5, and ABC CORPORATIONS 1-5, <br><br> Defendants. | Case No. 08 C 632 <br><br> Judge Zagel |

**PLAINTIFF'S MOTION TO STRIKE ARGUMENTS
RAISED FOR FIRST TIME IN REPLY**

Plaintiff respectfully requests that this Court strike the last paragraph of defendant Kroll's reply in support of its motion to dismiss because it improperly raises arguments not raised in its opening brief. In support of this motion, plaintiff states:

1. Defendant credit reporting agency Kroll Factual Data Corp. ("Kroll") filed a motion to dismiss all counts against it on March 18, 2008. In support of its motion, Kroll argued that plaintiff had not sufficiently pleaded a claim under the Illinois Consumer Fraud Act, arguing specifically, that:

> Plaintiff has not provided exact details of when the alleged fraud occurred. See *Newman*, at *6. Additionally, the Complaint does not provide adequate detail as to how the acts of Kroll were deceptive or unfair, and, in fact, the Complaint does not even attempt to provide allegations of any fraudulent activity by Kroll. [Kroll mtn at 11.]

2. Plaintiff fairly responded to these arguments, clearly explaining and pointing out the "when" and "how" of the fraud on pages 9-12 of his response.

   3. Instead of fairly replying to plaintiff's brief, the final paragraph of Kroll's reply brief, for the first time, argues that plaintiff's Consumer Fraud claim fails as a matter of law because plaintiff has insufficiently alleged "where" the events giving rise to the cause happened, and therefore the complaint does not allege sufficient ties to Illinois to survive a 12(b)(6) motion.

   4. Arguments raised for the first time in a reply brief are waived. *United States v. Adamson*, 441 F.3d 513, 521 n.2 (7th Cir. 2006). The Court should therefore strike the final paragraph of the reply brief in its entirety. *Autotech Technologies Ltd. P'ship v. Automationdirect.com*, 235 F.R.D. 435, 437 (N.D. Ill. 2006) (collecting cases regarding improper use of reply briefs).

   5. Even if this Court considers defendant's improper "gotcha" argument, which it should not, the "where" is properly alleged in the complaint.

   6. First, although the "where" of an allegation of deceptive conduct is admittedly subject to Rule 9(b)'s heightened pleading requirements, whether the fraud's ties with Illinois are sufficient under the ICFA is a question of fact that is not subject to Rule 9(b), and is an issue for summary judgment. As pointed out in plaintiff's response papers, allegations of unfairness are subject to Rule 8's pleading requirements, rather than Rule 9(b). *Centerline Equipment Corp. V. Banner Personnel Service, Inc.*, No. 07 C 1611, 2008 U.S. Dist. LEXIS 15946, at *22 (N.D.Ill. March 3, 2008).

   7. Second, plaintiff clearly alleges where the fraud occurred. It alleges that defendants First Chicago and Lambert are Chicago, Illinois companies (Cmplt. ¶¶ 4,5), that they improperly ordered the credit reports from Kroll (Cmplt. ¶ 15), and that Kroll sent the reports to them in Chicago, Illinois. (Cmplt. ¶ 19). The complaint also alleges that "the unlawful conduct that gave rise to Plaintiff's claims occurred in this district." (Cmplt. ¶ 11). Plaintiff's arguments in the

response to the motion to dismiss deal with these issues, too. See pp. 9-11.

8. It is the disclosure of a credit report to a third party that triggers the Fair Credit Reporting Act, Consumer Fraud and invasion of privacy claims. The situs of the disclosure, and thus Kroll's fraud and other violations, was Chicago, Illinois.

9. Kroll cannot claim that it does not know these facts, or that it did not fairly understand them when it examined the complaint. Had Kroll challenged these allegations in its original motion, plaintiff might have even asked to amend the complaint to make the "where" allegations even clearer (if that is possible).

10. The complaint is sufficient as drafted. However, if this Court finds that the complaint lacks the specificity required by Rule 9(b) due to a lack of "where" allegations, plaintiff respectfully suggests justice requires that, under these circumstances created by Kroll raising arguments for the first time in the reply, plaintiff be permitted to amend the complaint to allege the "where" with more specificity.

WHEREFORE, plaintiff respectfully requests that this Court strike the last paragraph of defendant Kroll's reply in support of its motion to dismiss because it improperly raises arguments not raised in its opening brief.

Respectfully submitted,

/s/Alexander H. Burke

Paul B. Mengedoth
MENGEDOTH LAW FIRM LLC
2425 East Camelback, Suite 600
Phoenix, AZ 85016
(602) 224-7878 (office)
(602) 224-7879 (fax)

Keith J. Keogh
Alexander H. Burke
LAW OFFICES OF KEITH J. KEOGH, LTD.
227 W. Monroe St., Suite 2000
Chicago, Illinois 60606
(312) 726-1092 (office)
(312) 726-1093 (fax)

## CERTIFICATE OF SERVICE

   I, Alexander H. Burke, hereby certify that I filed the forgoing document with the ECF system of the District Court for the Northern District of Illinois on May 16, 2008.

                /s/Alexander H. Burke