**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| TIMOTHY F.L. HAYES, a resident of the United Kingdom, | ) ) ) | Case No. 08 C 632 |
| | ) | |
| Plaintiff, | ) ) ) | |
| | ) | **PARTIES' REPORT OF RULE 26f** |
| v. | ) | **PLANNING CONFERENCE** |
| | ) | |
| FIRST CHICAGO MORTGAGE CO., an Illinois corporation, JASON J. LAMBERT, an Illinois resident, KROLL FACTUAL DATA CORPORATION, a Colorado corporation, JOHN DOES 1-5, and ABC COPORATIONS 1-5, | ) ) ) ) ) ) ) | |
| Defendants. | ) | |

**PARTIES' REPORT OF RULE 26f PLANNING CONFERENCE**

      Puraunt to Fed.R.Civ.P. 26(f), a meeting was held in the above case on May 6, 2008, and was attended by the following:

Paul B. Mengedoth
MENGEDOTH LAW FIRM LLC
2425 E Camelback Rd., Ste 600
Phoenix, AZ 85016

and

Alexander H. Burke
LAW OFFICES OF KEITH J. KEOGH, LTD.
227 W. Monroe St., Ste. 2000
Chicago, IL 60606
Attorneys for Plaintiff Hayes

Steven P. Gomberg
Michael S. Mayer
Michael O'Brian
Freeborn & Peters LLP

311 S. Wacker Drive, Suite 3000
Chicago, IL 60606-6677
Attorneys for Defendant Kroll Factual Data Corporation

Todd E. Macey
DOHERTY & PROGAR LLC
200 West Adams Street, Suite 2220
Chicago, IL 60606
Attorneys for Defendant First Chicago Mortgage Co.

Plaintiff has made repeated attempts to obtain personal service over Defendant

Jason Lambert to date, but Defendant Lambert has not yet been personally served.  Mr.

Macey advised all counsel at the conference, as he previously had advised all counsel and

the Court, he represents Jason Lambert.[1]  However, Mr. Macey would not accept service

on Mr. Lambert's behalf.  Mr. Macey further advised that if Plaintiff obtains service upon

Mr. Lambert, he may represent him and he may not depending on unspecified

circumstances beyond Mr. Macey's control.  Accordingly, all dates agreed upon by

counsel at the conference and that are herein proposed are potentially subject to change.

I.      **Suggested Changes in the Timing, Form, or Requirement for Fed.R.Civ.P. 26(a) Disclosures.**

The parties suggested no changes in the timing, form, or requirement for

Fed.R.Civ.P. 26(a) disclosures during the conference.

At the conference the parties agreed to exchange all initial disclosures on or

before May 6, 2008.  Plaintiff requested during the conference that defendants provide

copies of all applicable policies of insurance to Plaintiff or copies of such policies shortly

after May 5, 2008.  The parties all served initial disclosures on or before the agreed upon

date.  Defendant Kroll stated it will refuse to disclose a copy of its applicable policy/ies

---

[1] Mr. Macey believes he did not previously advise the court he represented Mr. Lambert.  However, Plaintiff believes the transcript of the March 27th hearing in this case indicates Mr. Macey did advise the Court he then represented Mr. Lambert.

of insurance required under FRCP 26(a)(1)(a)(iv) unless a pre-trial stipulated protective order is first entered by this Court.  Plaintiff does not believe that Defendant Kroll has provided any justifiable basis to warrant secret protection of any such policies under Fed.R.Civ.P. 26(c).  Thus, Plaintiff suggests it would be appropriate for the Court rule on or before the June 16, 2008 whether Defendant Kroll must immediately provide the parties copies of any potentially applicable policy/ies of insurance without necessity that this Court first entering a protective order.  As of the date hereof, Defendant Kroll advised it will instead shortly file a protective order for any such insurance information.

## II. Issues about Disclosure or Discovery of Electronically Stored Information

Prior to the conference, Plaintiff's counsel reminded all defendants come to the conference prepared to discuss electronically stored information.

Plaintiff's counsel advised during the conference that Plaintiff maintained and periodically used a personal computer that is located in the United Kingdom, but advised that Plaintiff did not have any discoverable electronic information related to the Plaintiff's claims or Defendants' known defenses, so a discussion of the forms in which such information should be produced in this case was not necessary.  Defendants stated that they believed emails appeared to exist that would be discoverable, and Plaintiff advised if such electronic information exists it will be produced in hard copy or Adobe .pdf format.

Representatives for Defendants First Chicago Mortgage and Kroll Factual Data stated they were uncertain of the methods in which their respective clients electronically stored information, where any such information was stored, so no discussion or agreement on the form or forms in which such information should be produced in this case could be reached.  Furthermore, Defendant Kroll stated that it will produce its information as multipage group IV TIFF images and requested any electronic discovery to be produce by any other party as a multipage group IV TIFF images.  Plaintiff advised that it has the capability of producing such information as Adobe .pdf images, but that the capability to conform to such request was not known.

Plaintiff Hayes respectfully requests, therefore, all Defendants' respective methods of electronic data storage and production in this case be disclosed and the manner of its production addressed at or before the Scheduling Conference.

### III. Subjects of Discovery and Timing

The parties agreed that written discovery and deposition testimony in this case is necessary, and all subjects implicated by the parties' respective pleadings is intended.

A.    The parties propose the following dates for deadlines in this case:

(1)    Plaintiff and Defendant First Chicago agreed all fact discovery in this case shall be completed by December 1, 2008.  Defendant Kroll advised all fact discovery in this case shall be completed by January 30, 2009.  All the parties agree that all discovery in the case be cut off by April 30, 2009.

(2)    Expert Disclosures.  The parties agreed disclosures required by Fed. R. Civ. P. 26(a)(2), including reports from retained experts, shall be served by any proponent of any retained expert by January 30, 2009, deposition of any such expert shall occur on or before February 27, 2009, disclosures of any rebuttal experts on or before March 31, 2009, with deposition of any such rebuttal expert to occur on or before April 30, 2009.

(3)    Motions to Amend, Consolidate, and Join Additional Parties.  Plaintiff proposes all parties file any motion to amend, consolidate or join additional parties on or before December 1, 2008.  Defendant Kroll and Defendant First Chicago proposes all parties file any motion to amend, consolidate or join additional parties on or before April 30, 2009.

(4)    Filing Dispositive Motion.  All potentially dispositive motions, excluding any pending motions, shall be filed on or before April 30, 2009.  Plaintiff proposed each party file only one dispositive motion in this case. Defendant First Chicago did not object to such proposal.  Defendant Kroll opposes such proposal.

(5)    Limits on Written Discovery and Depositions.  The parties propose no deviation from the maximum number of interrogatories and requests for admissions other than as set forth in the Federal Rules of Civil Procedure.  The parties agreed to limit the number of depositions to ten (10) for Plaintiff.  As to Defendants, Plaintiff only agreed to a total of ten (10) depositions between the two defendants, and Defendants Kroll and

First Chicago requested a limit of twenty (20) total depositions by these two defendants, or ten (10) each.

**IV.    Reference to Arbitration, Master and/or U.S. Magistrate for Further Proceedings.**  The parties do not propose reference of this case to arbitration, master or U.S. Magistrate.  At least one party has objected to referral of this matter to a U.S. Magistrate.

**V.    Prospects for Settlement.**  Settlement is not presently subject to evaluation.  The parties will engage in good faith settlement talks, however, with or without the assistance of an independent neutral.  If the parties cannot arrive at a settlement on their own or an agreed upon neutral, the parties anticipate they would contact the Court to seeking the Court's assistance in appointing a U.S. Magistrate or other independent neutral to conduct any settlement.

**VI.    Other Matters.**  Defendant Kroll maintains that there is a need for certain discovery in this case to be governed by a pre-trial stipulated protective order.  Plaintiff advised that no such protective order appeared necessary, but Plaintiff and Defendant First Chicago agreed to review and provide comments on any draft Defendant Kroll provided.  Defendant Kroll routed a draft of a protective order.  Plaintiff and Defendant First Chicago are reviewing a draft of the stipulated protective order and anticipate that, if no stipulation can be reached, parties will make appropriate motion to the court where deemed necessary under FRCP 26(c).

DATED this 20th day of May, 2008.        Respectfully submitted,

**MENGEDOTH LAW FIRM LLC**


_____/s Paul B. Mengedoth_____
Paul B. Mengedoth (AZ Bar No. 18507) (*pro hac vice*)
2425 E. Camelback Rd., Ste 600
Phoenix, Arizona 85016

Attorneys for Plaintiff Timothy F L Hayes

**FREEBORN & PETERS LLP**


_____/s __Michael S. Mayer__ _____
Steven P. Gomberg (#1004204)
Michael S. Mayer (#6290161)
311 S. Wacker Drive, Suite 3000
Chicago, IL 60606-6677
Attorneys for Defendant Kroll Factual Data
Corporation


**DOHERTY & PROGAR LLC**


_____/s Todd E. Macey_____
Kevin W. Doherty (# 3128844)
Todd E. Macey (# 6286767)
DOHERTY & PROGAR LLC
200 West Adams Street, Suite 2220
Chicago, IL 60606
Attorneys for Defendant First Chicago
Mortgage Co.


## CERTIFICATE OF SERIVCE

I hereby certify that on the 20th day of May, 2008, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to each of the following:

Steven P. Gomberg (#1004204)
Michael S. Mayer (#6290161)
Freeborn & Peters LLP
311 S. Wacker Drive, Suite 3000
Chicago, IL 60606-6677
Attorneys for Defendant Kroll Factual Data
Corporation


Kevin W. Doherty (# 3128844)
Todd E. Macey (# 6286767)

DOHERTY & PROGAR LLC
200 West Adams Street, Suite 2220
Chicago, IL 60606
Attorneys for Defendant First Chicago
Mortgage Co.

Keith J. Keogh
Alexander H. Burke
LAW OFFICES OF KEITH J. KEOGH, LTD.
227 W. Monroe St., Ste. 2000
Chicago, IL 60606
Co-counsel for Plaintiff Hayes


/s Paul B. Mengedoth