**THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| TIMOTHY F.L. HAYES, a resident of | ) | |
| The United Kingdom | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 08 C 632 |
| | ) | |
| FIRST CHICAGO MORTGAGE CO., an | ) | |
| Illinois corporation, JASON J. LAMBERT, an | ) | Judge Zagel |
| Illinois resident, KROLL FACTUAL DATA | ) | |
| CORPORATION, a Colorado corporation, | ) | |
| JOHN DOES 1-5, and ABC | ) | |
| CORPORATIONS 1-5, | ) | |
| | ) | |
| Defendants. | ) | |

**PLAINTIFF'S MOTION TO EXTEND TIME TO**
**SERVE COMPLAINT UPON DEFENDANT LAMBERT AND**
**RULE WAIVER OF SERVICE EFFECTIVE**

Plaintiff respectfully requests that this Court extend the time for service upon defendant Lambert by sixty (60) days, rule that plaintiff's waiver of service form is effective and issue an order stating that defendant will have to pay all reasonable and court-approved costs by plaintiff in attempting service from the date of the order forward. In support of this motion, plaintiff states:

1.    Plaintiff filed this Fair Credit Reporting Act, 15 U.S.C. § 1681 *et seq*, invasion of privacy and Illinois Consumer Fraud Act case alleging that defendants impermissibly accessed plaintiff's credit information on January 29, 2008. Plaintiff has served defendants Kroll Factual Data Corp and First Chicago Mortgage Co., but has not yet been able to serve defendant Jason Lambert.

2.    Plaintiff has been diligently attempting to serve Mr. Lambert. Plaintiff

initially attempted service through the Cook County Sheriff.  This request for service was initiated

on February 11, 2008.  Exhibit 1.  The sheriff attempted service upon defendant Lambert at his

Roger's Park home at 6609 N. Newgard Avenue, Apartment 3N, Chicago Illinois on:

        a.      2/22/08 @ 5:43pm;

        b.      2/22/08 @ 8:44pm;

        c.      2/27/08 @ 10:16am.

Exhibit 2.  These attempts were unsuccessful.

        3.      Plaintiff then hired a private process server to perform service who attempted,

but was unable to obtain, service on the following dates and times:

        a.      3/9/08 @ 2:35pm;

        b.      3/15/08 @ 4:35pm;

        c.      3/16/08 @ 9:50pm;

        d.      3/18/08 @ 8: 15pm;

        e.      3/19/08 @ 5:30pm;

        f.      3/20/08 @ 8:35pm;

        g.      3/29/08 @ 3:45pm;

        h.      4/3/08 @ 9:50opm.

Exhibit 3.

        4.      On April 7, 2008, plaintiff mailed a waiver of service form to Mr. Lambert,

which has not been returned signed, and has not been returned in the mail as "undeliverable," or

otherwise.  Exhibit 4.  Plaintiff's counsel has not heard from defendant Lambert.

        5.      All indications are that Mr. Lambert knows about this litigation, and is

avoiding service.  Indeed, Todd Macey, counsel of record for defendant First Chicago in this case

initially represented Mr. Lambert, and even asked plaintiff's counsel for an "enlargement of time to respond or otherwise plead." Exhibit 5, March 21, 2008, email. Approximately one week later, when plaintiff's counsel notified the Court of the difficulties plaintiff was having in serving defendant Lambert at the presentment hearing for defendant Kroll's motion to dismiss, Mr. Macey again stated to the Court that he would be representing Lambert:

> MR. BURKE: Judge, also we are working on serving defendant Lambert. We've got a private process server out. I am serving as local counsel for Paul Mengedoth who is in Arizona, but I understand Paul has been in contact with counsel for First Chicago.
>
> MR. MACEY: That's correct.
>
> MR. BURKE: And it looks like perhaps counsel will be representing Lambert, as well.
>
> MR. MACEY: That appears to be correct, your Honor.
>
> THE COURT: Okay.

Exhibit 5 at 3.

6.    Furthermore, during the parties' Rule 26(f) conference on May 6, 2008, defense counsel Macey indicated to plaintiff's counsel that Lambert was "waiting" to be served before entering the case. Defense counsel Macey also represented to plaintiff's counsel during the 26(f) conference that plaintiff had been using defendant's correct last known address for service attempts. Mr. Macey also provided plaintiff's counsel with Lambert's telephone number, but instructed plaintiff's counsel not to call, ostensibly because Mr. Macey represented Lambert at that time.

7.    As demonstrated above, plaintiff has been diligent in attempting service, and all indications are that Lambert is dodging service.

8.    Plaintiff therefore requests that this Court extend the time for service by sixty days, and rule that defendant Lambert shall pay all reasonable prospective costs of service. It is

plaintiff's hope that such an order will compel Mr. Lambert to appear without further attempts at service, or cost.

WHEREFORE, plaintiff respectfully requests that this Court extend the time for service upon defendant Lambert by sixty (60) days, rule that plaintiff's waiver of service form is effective and issue an order stating that defendant will have to pay all reasonable and court-approved costs by plaintiff in attempting service from the date of the order forward.

Respectfully submitted,

/s/Alexander H. Burke

Paul B. Mengedoth
MENGEDOTH LAW FIRM LLC
2425 East Camelback, Suite 600
Phoenix, AZ 85016
(602) 224-7878 (office)
(602) 224-7879 (fax)

Keith J. Keogh
Alexander H. Burke
LAW OFFICES OF KEITH J. KEOGH, LTD.
227 W. Monroe St., Suite 2000
Chicago, Illinois 60606
(312) 726-1092 (office)
(312) 726-1093 (fax)

## CERTIFICATE OF SERVICE

I, Alexander H. Burke, hereby certify that I filed the forgoing document with the ECF system of the District Court for the Northern District of Illinois on May 29, 2008.

/s/Alexander H. Burke