# Exhibit 1

AO 440 (Rev. 05/00) Summons in a Civil Action

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS

FOREIGN **SUMMONS IN A CIVIL CASE**

Timothy F. L. Hayes, a resident of the United Kingdom,

V.

FIRST CHICAGO MORTGAGE CO., an Illinois corporation, JASON J. LAMBERT, an Illinois resident, KROLL FACTUAL DATA COPORATION, a Colorado corporation, JOHN DOES 1-5, and ABC CORPORATIONS 1-5

CASE NUMBER:

08 C 632

ASSIGNED JUDGE:

DESIGNATED MAGISTRATE JUDGE:



CASHIER: NICOLE

JUDGE ZAGEL
MAGISTRATE JUDGE SCHENKIER
000199-1.6.1 02/11/08 16:09
REF CASE    # 08  000632
  1 FOREIGN WRIT            50.00
  1 MILEAGE                 10.00
REF SHERIFF # 007210
CASE TOTAL                  60.00 ¥
            TOTAL          120.00 TL
CHECK I                    120.00
CASHIER: NICOLE

TO: (Name and address of Defendant)

Jason J. Lambert
6609 N. Newgard
Apt. 3N
Chicago, IL 60626

**YOU ARE HEREBY SUMMONED** and required to serve upon PLAINTIFF'S ATTORNEY (name and address)

Keith J. Keogh
Alexander H. Burke
Law Offices of Keith J. Keogh
227 W. Monroe St., Ste 2000
Chicago, IL 60606

an answer to the complaint which is herewith served upon you, within _____20_____ days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. You must also file your answer with the Clerk of this Court within a reasonable period of time after service.

NOTE: When the print dialogue
box appears, be sure to uncheck
the Annotations option.

**Michael W. Dobbins, Clerk**

-------------------------------------
**DEPUTY CLERK**

**January 29, 2008**
-------------------------------------
**Date**

AO 440 (Rev. 05/00) Summons in a Civil Action

## RETURN OF SERVICE

| | DATE |
|---|---|
| Service of the Summons and complaint was made by me[1] | |

| NAME OF SERVER *(PRINT)* | TITLE |
|---|---|

*Check one box below to indicate appropriate method of service*

☐ Served personally upon the defendant. Place where served: _____

_____

☐ Left copies thereof at the defendant's dwelling house or usual place of abode with a person of suitable age and
discretion then residing therein.

Name of person with whom the summons and complaint were left: _____

☐ Returned unexecuted: _____

_____

_____

☐ Other (specify): _____

_____

_____

## STATEMENT OF SERVICE FEES

| TRAVEL | SERVICES | TOTAL |
|---|---|---|

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information
contained in the Return of Service and Statement of Service Fees is true and correct.

Executed on _____     _____
                 Date                          *Signature of Server*

                                  _____
                                         *Address of Server*

(1) As to who may serve a summons see Rule 4 of the Federal Rules of Civil Procedure.

# Exhibit 2

TYPE LAW            SHERIFF'S OFFICE OF COOK COUNTY, ILLINOIS            DISTRICT 040

SHERIFF'S NUMBER 007210-001D CASE NUMBER 08C632        DEPUTY: _Kneller 5089_

LED DT 01-29-2008 RECEIVED DT 02-11-2008 DIE DT 02-27-2008 MULTIPLE SERVICE    1
  DEFENDANT                                    ATTORNEY
LAMBERT, JASON J.                              KEITH J. KEOGH
6609 N NEWGARD AV                              227 W. MONROE ST.
CHICAGO IL. 60626                              CHICAGO IL. 60606
APT. 3N
PLAINTIFF HAYES, TIMOTHY F. L.

FOREIGN

SERVICE INFORMATION: CF

******************************************************************************************
(A)  I CERTIFY THAT I SERVED THIS SUMMONS ON THE DEFENDANT AS FOLLOWS:

.....1 PERSONAL SERVICE:  BY LEAVING A COPY OF THE SUMMONS AND COMPLAINT WITH THE
       NAMED DEFENDANT PERSONALLY.
.....2 SUBSTITUTE SERVICE:  BY LEAVING A COPY OF THE SUMMONS AND A COPY OF THE COMPLAINT
       AT THE DEFENDANT'S USUAL PLACE  OF ABODE WITH SOME PERSON OF THE FAMILY OR A PERSON
       RESIDING THERE, OF THE AGE OF 13 YEARS OR UPWARDS, AND INFORMING THAT PERSON OF
       THE CONTENTS THEREOF. ALSO, A COPY OF THE SUMMONS WAS MAILED ON THE
       _____ DAY OF _____ 20___ , IN A SEALED ENVELOPE WITH POSTAGE FULLY
       PREPAID, ADDRESSED TO THE DEFENDANT AT HIS OR HER USUAL PLACE OF ABODE.
       SAID PARTY REFUSED NAME _____
.....3 SERVICE ON: CORPORATION ___ COMPANY ___ BUSINESS ___ PARTNERSHIP ___
       BY LEAVING A COPY OF THE SUMMONS AND COMPLAINT (OR INTERROGATORIES) WITH THE
       REGISTERED AGENT, AUTHORIZED PERSON OR PARTNER  OF THE DEFENDANT.
  ...4 CERTIFIED MAIL_____

(B)  THOMAS J. DART, SHERIFF, BY: _____ , DEPUTY

     1  SEX ___ M/F   RACE ____   AGE ____
     2  NAME OF DEFENDANT LAMBERT, JASON J.
        WRIT SERVED ON _NOT SERVED_

        THIS _27_ DAY OF _Feb_ , 2008 TIME _10_ : _16_ A.M. P.M.

     ADDITIONAL REMARKS _____#2_____

******************************************************************************************
                _1432 W_            _2nd bill_
THE NAMED DEFENDANT WAS NOT SERVED.

  TYPE OF BLDG _3 Sty Mult fly_            ATTEMPTED SERVICES

NEIGHBORS NAME _____    DATE      TIME  A.M./P.M.

    ADDRESS _____       _2/22_   _6:43_ _6399N_
                                          _2/22_   _8:44_ _P3998_
        REASON NOT SERVED:
                    ___ 07 EMPLOYER REFUSAL
  ___ 01 MOVED      ___ 08 RETURNED BY ATTY   _____   _:___ ___
  X 02 NO CONTACT   ___ 09 DECEASED           _____   _:___ ___
  ___ 03 EMPTY LOT  ___ 10 BLDG DEMOLISHED    _____   _:___ ___
  ___ 04 NOT LISTED ___ 11 NO REGISTERED AGT. _____   _:___ ___
  ___ 05 WRONG ADDRESS ___ 12 OTHER REASONS   _____   _:___ ___
  ___ 06 NO SUCH ADDRESS ___ 13 OUT OF COUNTY _____   _:___ ___

FEE    .00    MILEAGE    .00    TOTAL    .00                     SG20

# Exhibit 3

IN THE UNITED STATES DISTRICT COURT, NORTHERN DISTRICT OF ILLINOIS

Timothy F.L. Hayes, a resident of
the United Kingdom

vs.

First Chicago Mortgage Co., an
Illinois corporation, Jason J.
Lambert, an Illinois resident, Kroll
Factual Data Corporation, a
Colorado corporation, John Does 1-
5, and ABC Corporations 1-5

Case Number     08 C 632

## AFFIDAVIT OF NON-SERVICE

I, Andrew Marek, being first duly sworn on oath deposes and states that I am over the age of 21 years and not a
party to this action, and that I was unable to serve the following documents:

Summons and Complaint

Upon:   Jason Lambert

At:      6609 N. Newgard Apt.3N, Chicago, IL 60626

Due to the following:

Several attempts on 3/9/08 @ 2:35pm-no contact, 3/15/08 @ 4:35pm-no contact, 3/16/08 @ 9:50pm-no contact,
3/18/08 @ 8:15pm-no contact, 3/19/08 @ 5:30pm-no contact, 3/20/08 @ 8:35pm-no contact, 3/29/08 @ 3:45pm-
no contact, 4/3/08 @ 9:50pm-no contact.

Under penalties as provided by law pursuant to Section 1-109 of the Code of Civil Procedure, the undersigned
certifies that the statements set forth in this affidavit of service are true and correct.

Further the Affiant Sayeth Naught:

Andrew Marek
United Processing, Inc.
55 West Wacker Drive
9th Floor
Chicago, IL  60601
312.629.0140
IL License #117-001101

# Exhibit 4

Mailed to Jason Lambert on 4/7/08 AMB

LAW OFFICES OF

KEITH J. KEOGH, LTD.

227 W. MONROE ST. - SUITE 2000
CHICAGO, ILLINOIS 60606

Jason J. Lambert
6609 N. Newgard, Apt. 3N
Chicago, Illinois 60626

LAW OFFICES OF
KEITH J. KEOGH, LTD.
227 W. MONROE ST. - SUITE 2000
CHICAGO, ILLINOIS 60606

Law Offices of Keith J. Keogh, Ltd.
227 W. Monroe Street, Suite 2000
Chicago, Illinois  60606



02  1P
0002643859        APR 07 2008
MAILED FROM ZIP CODE 60606

UNITED STATES POSTAGE
PITNEY BOWES
$ 000.41⁰

NOTE: When the print dialogue box
appears, be sure to uncheck the
Annotations option.

AO 399 (Rev. 05/00)

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF ILLINOIS

### Waiver of Service of Summons

TO: _____ Alexander H. Burke _____
(NAME OF PLAINTIFF'S ATTORNEY OR UNREPRESENTED PLAINTIFF)

I, Jason J. Lambert _____, acknowledge receipt of your request
(DEFENDANT NAME)

that I waive service of summons in the action of   Hayes v. First Chicago Mortgage Co. et al. _____,
(CAPTION OF ACTION)

which is case number _____ 08-632 _____ in the United States District Court
(DOCKET NUMBER)

for the Northern District of Illinois.

    I have also received a copy of the complaint in the action, two copies of this instrument, and a means by which I can return the signed waiver to you without cost to me.

    I agree to save the cost of service of a summons and an additional copy of the complaint in this lawsuit by not requiring that I (or the entity on whose behalf I am acting) be served with judicial process in the manner provided by Rule 4.

    I (or the entity on whose behalf I am acting) will retain all defenses or objections to the lawsuit or to the jurisdiction or venue of the court except for objections based on a defect in the summons or in the service of the summons.

    I understand that a judgment may be entered against me (or the party on whose behalf I am acting) if

an answer or motion under Rule 12 is not served upon you within 60 days after _____ 04/07/08 _____,
(DATE REQUEST WAS SENT)

or within 90 days after that date if the request was sent outside the United States.

_____          _____
(DATE)                                          (SIGNATURE)

    Printed/Typed Name: _____ Jason J. Lambert _____

As _____ of _____
(TITLE)                                          (CORPORATE DEFENDANT)

### Duty to Avoid Unnecessary Costs of Service of Summons

    Rule 4 of the Federal Rules of Civil Procedure requires certain parties to cooperate in saving unnecessary costs of service of the summons and complaint. A defendant located in the United States who, after being notified of an action and asked by a plaintiff located in the United States to waive service of summons, fails to do so will be required to bear the cost of such service unless good cause be shown for its failure to sign and return the waiver.

    It is not good cause for a failure to waive service that a party believes that the complaint is unfounded, or that the action has been brought in an improper place or in a court that lacks jurisdiction over the subject matter of the action or over its person or property. A party who waives service of the summons retains all defenses and objections (except any relating to the summons or to the service of the summons), and may later object to the jurisdiction of the court or to the place where the action has been brought.

    A defendant who waives service must within the time specified on the waiver form serve on the plaintiff's attorney (or unrepresented plaintiff) a response to the complaint and must also file a signed copy of the response with the court. If the answer or motion is not served within this time, a default judgment may be taken against that defendant. By waiving service, a defendant is allowed more time to answer than if the summons had been actually served when the request for waiver of service was received.

NOTE: When the print dialogue box
appears, be sure to uncheck the
Annotations option.

AO 399 (Rev. 05/00)

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF ILLINOIS

### Waiver of Service of Summons

TO: _____ Alexander H. Burke _____
(NAME OF PLAINTIFF'S ATTORNEY OR UNREPRESENTED PLAINTIFF)

I, ___Jason J. Lambert_____, acknowledge receipt of your request
(DEFENDANT NAME)

that I waive service of summons in the action of ___Hayes v. First Chicago Mortgage Co. et al.___,
(CAPTION OF ACTION)

which is case number _____08-632_____ in the United States District Court
(DOCKET NUMBER)

for the Northern District of Illinois.

I have also received a copy of the complaint in the action, two copies of this instrument, and a means
by which I can return the signed waiver to you without cost to me.

I agree to save the cost of service of a summons and an additional copy of the complaint in this lawsuit
by not requiring that I (or the entity on whose behalf I am acting) be served with judicial process in the
manner provided by Rule 4.

I (or the entity on whose behalf I am acting) will retain all defenses or objections to the lawsuit or to the
jurisdiction or venue of the court except for objections based on a defect in the summons or in the service
of the summons.

I understand that a judgment may be entered against me (or the party on whose behalf I am acting) if

an answer or motion under Rule 12 is not served upon you within 60 days after ____04/07/08____,
(DATE REQUEST WAS SENT)

or within 90 days after that date if the request was sent outside the United States.

_____                    _____
(DATE)                                        (SIGNATURE)

Printed/Typed Name: _____Jason J. Lambert_____

As _____ of _____
(TITLE)                              (CORPORATE DEFENDANT)

### Duty to Avoid Unnecessary Costs of Service of Summons

Rule 4 of the Federal Rules of Civil Procedure requires certain parties to cooperate in saving unnecessary costs of service of the
summons and complaint. A defendant located in the United States who, after being notified of an action and asked by a plaintiff located
in the United States to waive service of summons, fails to do so will be required to bear the cost of such service unless good cause be shown
for its failure to sign and return the waiver.

It is not good cause for a failure to waive service that a party believes that the complaint is unfounded, or that the action has been
brought in an improper place or in a court that lacks jurisdiction over the subject matter of the action or over its person or property.
A party who waives service of the summons retains all defenses and objections (except any relating to the summons or to the service
of the summons), and may later object to the jurisdiction of the court or to the place where the action has been brought.

A defendant who waives service must within the time specified on the waiver form serve on the plaintiff's attorney (or
unrepresented plaintiff) a response to the complaint and must also file a signed copy of the response with the court. If the answer or
motion is not served within this time, a default judgment may be taken against that defendant. By waiving service, a defendant is allowed
more time to answer than if the summons had been actually served when the request for waiver of service was received.

**FILED**

**JANUARY 29, 2008**
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

TIMOTHY F.L. HAYES, a resident of
the United Kingdom,                            )
                                               )
                                               )    Case No. _____
                                               )
            Plaintiff,                         )
                                               )    **08 C 632**
                                               )
                                               )    JUDGE ZAGEL
v.                                             )    MAGISTRATE JUDGE SCHENKIER
                                               )    **COMPLAINT**
FIRST CHICAGO MORTGAGE CO., an )
Illinois corporation, JASON J. LAMBERT )        **Jury Demanded**
an Illinois resident, KROLL FACTUAL )
DATA CORPORATION, a Colorado )
corporation, JOHN DOES 1-5, and ABC )
COPORATIONS 1-5,                               )
                                               )
            Defendants.                        )
_____ )

### COMPLAINT

   Plaintiff Timothy F. L. Hayes for his cause of action against Defendants First Chicago
Mortgage Co. (hereafter "First Chicago"), Jason Lambert, Kroll Factual Data Corporation
(hereafter "Kroll"), John Does 1-5, and ABC Corporations 1-5 states as follows:

### I. INTRODUCTION

   1.    Plaintiff Timothy F. L. Hayes was the victim of various misrepresentations, unfair
and deceptive practices, and violations of state and federal laws in a scheme perpetrated
against him by the various defendants in connection with their respective unauthorized
access, publication and use of his personal credit information without his permission or a
permissible purpose to publish or use that information.

2.     As more specifically set forth below, Plaintiff seeks statutory, compensatory, and punitive damages against the various defendants, as well as all his reasonable attorneys' fees and costs.

## II. PARTIES, JURISDICTION AND VENUE

3.     Plaintiff Timothy F. L. Hayes is a resident of Cambridge, United Kingdom. Plaintiff is a "consumer" as that word is defined by the federal Fair Credit Reporting Act, 15 U.S.C. § 1681a(e).

4.     Defendant First Chicago Mortgage Co. (hereafter "First Chicago") is an Illinois corporation registered to do business in the State of Illinois, maintains its principal place of business at 6146 N. Lincoln Avenue, Chicago, Illinois, 60659, and may be served with legal process through its registered agent, Steven L. Venit, located at 3240 W. Irving Park, Chicago, Illinois, 60618. First Chicago is licensed by the Illinois Department of Professional Regulation as a mortgage broker (MB 0006097).

5.     Defendant Jason J. Lambert is a resident of Cook County, Illinois. Defendant Lambert more particularly resides at 6609 N. Newgard, Apt. 3N, Chicago, IL 60626. Plaintiff further is informed and believes, and thereon alleges, that at all times relevant hereto Defendant Jason Lambert engaged in the deceptive acts, practices and misrepresentations set forth below individually and while acting within the scope of his employment with Defendant First Chicago.

6.     Defendant Kroll Factual Data Corp. (hereafter "Kroll") is a Colorado corporation registered to do business in the State of Illinois as a foreign corporation and may be served with process upon CT Corporation System, its registered agent for service of process, at 208 South Lasalle Street, Suite 814, Chicago, Illinois, 60604. Defendant Kroll is and at all times relevant hereto was a "consumer reporting agency" and a "reseller" as those words defined under the Federal Fair Credit Reporting Act, 15 U.S.C. § 1681a(f) and 1681a(u).

7.     At all times discussed herein, Defendants First Chicago and Jason Lambert were agents or joint venturers of each of the other, and in doing the acts alleged herein acted within the course of scope of such agency. Such defendants had actual or constructive knowledge of

2

the acts of each of the other, and ratified, approved, joined in, acquiesced in, and/or authorized the fraudulent, unfair, deceptive or misleading acts of each co-defendant, and/or retained the benefits of such wrongful acts.

8.    Defendants First Chicago and Jason Lambert aided and abetted, encouraged, and rendered substantial assistance to each of the other in breaching their obligations to Plaintiff as alleged herein. In taking action to aid and abet and substantially assist the commissions of these wrongful acts and other wrongdoings alleged herein, each such defendant acted with an awareness of his, her and/or its primary wrongdoing and realized that his, her and/or its conduct would substantially assist the accomplishment of the wrongful conduct and goals.

9.    Defendants John Does 1-5 and ABC Corporations 1-5 are individuals and businesses, respectively, who are presently unknown to Plaintiff. Plaintiff, therefore, sues such defendants by such fictitious names. At such time as they become known to Plaintiff, Plaintiff will amend this complaint to show the true names and capacities of such defendants. Plaintiff is informed and believes that each such person(s) are also responsible for the damages noted herein and such persons aided and abetted, participated and/or rendered substantial assistance to the frauds and other violations of the law more particularly set forth herein

10.    Jurisdiction of this action is conferred upon this court by 15 U.S.C. § 1681p and 28 U.S.C. § 1377. Plaintiff also makes claims for invasion of privacy and negligence upon the common law of the State of Illinois, and for violations of the Illinois Consumer Fraud Act, 815 ILCS 505/2, et seq. Supplemental jurisdiction exists pursuant to 28 U.S.C. § 1637 for pendent state claims because they arise out of the same operative facts as the federal claims.

11.    Venue is proper in this judicial district in that the unlawful conduct that gave rise to Plaintiff's claims occurred in this district.

### III. FACTUAL BACKGROUND

12.    Defendant First Chicago regularly engages in the business of brokering residential mortgage loans and, in connection therewith, regularly obtains credit reports on individual consumers from credit reporting agencies such as Defendant Kroll.

3

13. Defendant Kroll regularly gathers and sells consumer credit and other personal identifying information on consumers to certain of its mortgage broker customers from information that Trans Union, Equifax and/or Experian gathers on such consumers. Kroll in turn provides certain of that information to its customer in a single credit report. The single credit report is commonly known as a merged or tri-merged credit report.

14. In February of 2007, Defendant First Chicago employed Defendant Lambert as a mortgage loan officer.

15. On or about February 25, 2007, Defendants First Chicago and Lambert made a request to Defendant Kroll in order to obtain the credit report of Plaintiff Hayes, and did so without Plaintiff Hayes' authorization or consent.

16. Upon information and belief, Defendants First Chicago and Lambert certified to Defendant Kroll the purposes for which the information was being sought and that the information would be used for no other purpose.

17. Defendants First Chicago and Lambert obtained and transmitted a bogus social security number for Plaintiff Hayes, Plaintiff Hayes' date of birth which incorrectly specified the year of Plaintiff's birth, and Plaintiff Hayes' prior residential address in the State of Illinois to Defendant Kroll.

18. Only the second digit of the nine digit sequence of the bogus social security number Defendants First Chicago and Lambert transmitted to Defendant Kroll matched the Plaintiff Hayes' actual social security number.

19. On or about February 25, 2007, and in response First Chicago and Lambert's request, Defendant Kroll gathered and issued a certain credit report regarding Plaintiff Hayes to Defendants First Chicago and Lambert that merged certain information Kroll obtained regarding Plaintiff Hayes from Trans Union, Experian and Equifax (hereafter, the "Kroll Report").

20. The Kroll Report specifically noted that Trans Union, Experian and Equifax all reported certain crucial variations in the information Defendants First Chicago, Lambert and Kroll provided to Trans Union, Experian and Equifax concerning Plaintiff Hayes.

21.    The Kroll Report specified at the very outset that Experian advised Defendant Kroll that "NO HIT/NO RECORDS FOUND" (caps original), and Plaintiff Hayes' social security number was "Not Reported."

22.    The Kroll Report also specified a crucial variation in that Equifax had an inconsistent date of birth on file for Plaintiff Hayes and that the social security number Kroll provided for Plaintiff Hayes was entirely inconsistent and, therefore, "Not Reported."

23.    The Kroll Report specified that Trans Union stated that both the date of birth and social security number for Plaintiff Hayes were inconsistent, and went on to provide a full nine digit social security number that matched only the second of the nine digits in sequence of the social security number that Defendants First Chicago and Lambert provided to Kroll.

24.    Despite the numerous discrepancies in the personal identifying information Trans Union, Experian and Equifax provided to Defendant Kroll, Defendant Kroll nevertheless provided certain consumer credit and personal identifying information it had obtained from one or more of the foregoing credit reporting agencies that actually pertained to Plaintiff Hayes to Defendants First Chicago and Lambert.

25.    Thereafter, and again despite the numerous crucial discrepancies, Defendants First Chicago and Lambert delivered the Kroll Report to John Does 1-5, ABC Corporations 1-5, Mr. Michael John Willoughby and/or Mr. Graham Scott Butters without Plaintiff Hayes' authorization or consent.

26.    On or about April 7, 2007, Mr. Michael John Willoughby attempted to offer the Kroll Report into evidence a civil proceeding between Plaintiff Hayes and Mr. Willoughby that was then pending in the Birmingham County Court, Birmingham, United Kingdom, Claim No. 6PH04236.

27.    Immediately thereafter, Plaintiff first contacted Defendants First Chicago and Lambert. Defendants First Chicago and Lambert transmitted a certain copy of a form entitled "Borrower Signature Authorization" to Plaintiff. The form, a copy of which is attached hereto as **Exhibit A**, purports to be Plaintiff's authorization and consent to obtain a copy of his credit report, however, it is a forgery of Plaintiff's signature and date.

5

28.    Defendants First Chicago, Lambert, Kroll, John Does 1-5, and ABC Corporations 1-5 knowingly communicated the Kroll Report to someone other than Plaintiff without Plaintiff's authorization or consent, and communicated and/or published the Kroll Report with malice or willful intent to injure Plaintiff.

29.    As a result of the foregoing acts of the defendants, Plaintiff Hayes suffered damages in the nature of humiliation, invasion of privacy, embarrassment, anxiety, emotional suffering, worry, substantial out-of-pocket fees paid to a third-party private investigator, other investigative fees, pre-litigation attorney's fees, and court costs. In addition, Plaintiff has incurred and will continue to incur litigation expenses and post-litigation attorneys' fees which, but for the acts and omissions of defendants alleged herein, would not have been necessary.

## IV.  CAUSES OF ACTION

## COUNT ONE – WILLFUL AND NEGLIGENT VIOLATIONS OF THE FEDERAL FAIR CREDIT REPORTING ACT

### Plaintiff v. Defendants First Chicago, Lambert, Kroll, John Does 1-5 and ABC Corporations 1-5

30.    Plaintiff incorporates as if fully set out herein all the preceding paragraphs.

31.    The document that Kroll furnished to First Chicago Mortgage Co. on or about February 25, 2007, is a "consumer report," as that term is defined by section 603 of the federal Fair Credit Reporting Act, 15 U.S.C. § 1681a(d).

32.    At no time did Plaintiff or any defendant have one of the relationships enumerated under section 604 of the federal Fair Credit Reporting Act, 15 U.S.C. § 1681b(a)(3).

33.    At no time applicable to this complaint did any defendant receive the written instructions of Plaintiff to request his consumer report under 15 U.S.C. § 1681b(a)(2).

34.    No court of competent jurisdiction has ever ordered the consumer report of Plaintiff be furnished to any defendant or Messers. Willoughby or Butters.

35.    No federal grand jury has ever issued a subpoena for the consumer report of Plaintiff to be furnished to any defendant or Messers. Willoughby or Butters.

6

36.    No child support enforcement agency has ever requested the credit report of Plaintiff be furnished to any defendant or Messers. Willoughby or Butters.

37.    First Chicago was prohibited from obtaining a consumer report under false pretenses pursuant to section 604 of the FCRA, 15 U.S.C. § 1681b(f).

38.    First Chicago was required to establish reasonable procedures that would prevent its facilities from being used to obtain a consumer report under false pretenses.

39.    First Chicago failed to establish procedures that would prevent its facilities from being used to obtain a consumer report under false pretenses.

40.    First Chicago willfully and/or negligently permitted John Does 1-5 and/or ABC Corporations 1-5 to its office facilities, resulting in the impermissible access of Plaintiff's consumer report.

41.    Kroll willfully and/or negligently furnished the consumer report of Plaintiff dated on or about February 26, 2007 without any of the permissible purposes enumerated in section 604 of the FCRA, 15 U.S.C. § 1681b.

42.    First Chicago, Lambert, Kroll, John Does 1-5, and ABC Corporations 1-5 willfully violated the federal Fair Credit Reporting Act in that they respectively requested, furnished and/or obtained the consumer report of Plaintiff without any of the permissible purposes enumerated in Section 604 of the FCRA, 15 U.S.C. § 1681b.

WHEREFORE, Plaintiff respectfully prays the following relief against Defendants First Chicago, Lambert, Kroll, John Does 1-5, and ABC Corporations 1-5: (A) actual damages adequate to compensate Plaintiff for all losses incurred or sustained; (B) statutory damages, (C) punitive damages; (D) plaintiff's costs of the action and his attorneys' fees; and (E) such other relief as this Court deems just and appropriate.

## COUNT TWO – INVASION OF PRIVACY

**Plaintiff v. Defendants First Chicago, Lambert, Kroll**
**John Does 1-5, ABC Corporations 1-5**

43.    Plaintiff incorporates as if fully set out herein all the preceding paragraphs.

44.    Defendants obtaining and furnishing the Kroll Report, respectively, was an unauthorized intrusion or prying into the Plaintiff's seclusion.

45.    The intrusion and/or prying into Plaintiff's seclusion was offensive and objectionable to Plaintiff.

46.    The personal identifying and/or credit information contained in the Kroll Report related to Plaintiff were private.

47.    Defendants' intrusion caused Plaintiff anguish and suffering.

WHEREFORE, Plaintiff respectfully prays the following relief against Defendants First Chicago, Lambert, John Does 1-5, and ABC Corporations 1-5: (A) actual damages adequate to compensate Plaintiff for all losses incurred or sustained; (B) punitive damages adequate to deter further similar behavior; (C) plaintiff's costs of the action and his attorneys' fees; and (D) such other relief as this Court deems just and appropriate.

## COUNT THREE - NEGLIGENCE

### Plaintiff v. Defendants First Chicago, Jason Lambert, Kroll, John Does 1-5, ABC Corporations 1-5

48.    Plaintiff incorporates as if fully set out herein all the preceding paragraphs.

49.    Defendants First Chicago, Lambert, Kroll, John Does 1-5, and/or ABC Corporations owed a duty to Plaintiff

50.    Defendants First Chicago and Lambert owed a duty to Plaintiff to prevent unauthorized individuals form gaining access to his personal identifying and credit information.

51.    Defendant Kroll had a duty to establish and comply with reasonable procedures designed to ensure that the information it resold with respect to Plaintiff was resold only for permissible purposes.

52.    Defendants breached their duty to Plaintiff and, as a direct and proximate result, damaged Plaintiff.

53.    Defendants knowingly communicated the Kroll Report to someone other than Plaintiff, defendants knew they did not have Plaintiff's authorization or consent to gather,

obtain or use the Kroll Report, and defendants communicated and/or published the Kroll Report with malice or willful intent to injure Plaintiff.

WHEREFORE, Plaintiff respectfully prays the following relief against Defendants First Chicago, Lambert, Kroll, John Does 1-5, and ABC Corporations 1-5: (A) actual damages adequate to compensate Plaintiff for all losses incurred or sustained as a result of such defendant's negligence; (B) punitive damages; (C) plaintiff's costs of the action and his attorneys' fees; and (D) such other relief as this Court deems just and appropriate.

## COUNT FOUR – VIOLATION OF ILLINOIS CONSUMER FRAUD ACT 815 ILL. COMP. STAT. 505/2

### Plaintiff v. Defendants First Chicago, Jason Lambert, Kroll, John Does 1-5, ABC Corporations 1-5

54.     Plaintiff incorporates as if fully set out herein all the preceding paragraphs.

55.     Defendants committed deceptive and unfair and omissions as alleged herein, in violation of the Illinois Consumer Fraud Act, 815 ILCS 505/2, *et seq.*

56.     Defendants' violations of the FCRA constituted violations of the ICFA because they were deceptive and unfair.

57.     It was deceptive and unfair for defendants to have obtained plaintiff's credit report without his consent.

58.     It was deceptive and unfair for defendants to attempt to obtain a consumer report through use of bogus information about plaintiff.

59.     It was deceptive and unfair for defendant Kroll to provide plaintiff's consumer report to third parties without proper authorization from plaintiff.

It was an unfair act for defendant Kroll to have provided defendants First Chicago and Lambert with plaintiff's credit report where it was provided with scant information as to plaintiff. Kroll should have known that First Chicago and Lambert did not have authorization from plaintiff to pull the report because the information provided to obtain the report was so scant and erroneous.

60.     It was an unfair act for defendants First Chicago and Lambert to provide the consumer report they received from Kroll to third parties, because they knew or should have known that it contained erroneous information.

61.     Defendants each knew or should have known at the time they acted that their acts were deceptive and/or unfair.

62.     Plaintiff, and others, relied on defendants' deceptive acts and omissions to plaintiff's detriment and damage.

63.     Plaintiff has been damaged as a result of defendants' deceptive and unfair acts.

64.     Defendants' deceptive and unfair acts occurred within trade or commerce.

WHEREFORE, Plaintiff respectfully prays the following relief against Defendants First Chicago, Lambert, Kroll, John Does 1-5, and ABC Corporations 1-5: (A) actual damages adequate to compensate Plaintiff for all losses incurred or sustained; (B) punitive damages; (C) plaintiff's costs of the action and his attorneys' fees; and (D) such other relief as this Court deems just and appropriate.

## V.  DEMAND FOR JURY TRIAL

65.     Pursuant to Federal Rule of Civil Procedure 38, Plaintiff demands a trial by jury as to all issues so triable.

DATED this 29th day of January, 2008.

_____/s Paul B. Mengedoth_____
Pro Hac Vice Pending
MENGEDOTH LAW FIRM LLC
Paul B. Mengedoth (AZ Bar No. 18507)
2425 E. Camelback Rd., Ste 600
Phoenix, Arizona 85016

_____/s Keith J. Keogh_____

**LAW OFFICES OF KEITH J. KEOGH, LTD.**
**Keith J. Keogh**
Alexander H. Burke
227 W. Monroe St., Ste. 2000
Chicago, IL 60606

Attorneys for Plaintiff Timothy F L Hayes

# EXHIBIT A

Privacy Act Notice: This information is to be used by the agency collecting it or its assignees in determining whether you qualify as a prospective mortgagor under its program. It will not be disclosed outside the agency except as required and permitted by law. You do not have to provide this information, but if you do not your application for approval as a prospective mortgagor or borrower may be delayed or rejected. The information requested in this form is authorized by Title 38, USC, Chapter 37 (if VA); by 12 USC, Section 1701 et. seq. (if HUD/FHA); by 42 USC, Section 1452b (if HUD/CPD); and Title 42 USC, 1471 et. seq., or 7 USC, 1921 et. seq. (if USDA/FmHA).

## Part I - General Information

| 1. Borrower | 2. Name and address of Lender/Broker |
|---|---|
| Timothy Hayes | FIRST CHICAGO MORTGAGE |
| 534 Burdick Street | 6146 NORTH LINCOLN AVENUE |
| Libertyville, IL 60048 | CHICAGO, IL 60659 |
| | TEL: 773-991-8017 FAX: 773-509-9661 |

| 3. Date | 4. Loan Number | |
|---|---|---|
| 02/25/2007 | | |

## Part II - Borrower Authorization

I hereby authorize the Lender/Broker to verify my past and present employment earnings records, bank accounts, stock holdings, and any other asset balances that are needed to process my mortgage loan application. I further authorize the Lender/Broker to order a consumer credit report and verify other credit information, including past and present mortgage and landlord references. It is understood that a copy of this form will also serve as authorization.

The information the Lender/Broker obtains is only to be used in the processing of my application for a mortgage loan.

Borrower   Timothy Hayes

Date   02/25/07

Calyx Form - bsa.hp (10/98)

# Exhibit 5

**Alexander H. Burke**

**From:** Paul Mengedoth [paul@mengedothlaw.com]
**Sent:** Thursday, May 29, 2008 3:11 PM
**To:** Alexander H. Burke
**Subject:** FW: Hayes matter

Paul B. Mengedoth, Esq.
Mengedoth Law Firm LLC

2425 East Camelback
Suite 600
Phoenix, AZ 85016
ph: (602) 224-7878
fx: (602) 224-7879
www.mengedothlaw.com

The information transmitted by the following e-mail is intended only for the addressee and may contain confidential and/or privileged material. Any interception, review, retransmission, dissemination, or other use of, or taking of any action upon this information by persons or entities other than the intended recipient is prohibited by law and may subject them to criminal or civil liability. If you received this communication in error, please contact us immediately at (602) 224-7878, and delete the communication from any computer or network system.

**From:** Todd Macey [mailto:tem@doherty-progar.com]
**Sent:** Friday, March 21, 2008 10:59 AM
**To:** Paul Mengedoth
**Subject:** Hayes matter

Paul,
I received your voicemail. Please allow this correspondence to confirm that we are representing First Chicago Mortgage Co and Jason Lambert with regard to the Hayes v. First Chicago, et al matter.

Our contact information is as follows:
Doherty & Progar
200 W. Adams, Suite 2220
Chicago, IL 60606
Phone: 312-630-9630
Fax: 312-630-9001

Additionally, we will be requesting an enlargement of time to respond or otherwise plead. If you do not indicate otherwise, I will presume you have no objection to this.

Thanks, and please call or email with any questions.

Regards,
Todd Macey

# Exhibit 6

09:33AM

1                    IN THE UNITED STATES DISTRICT COURT
                         NORTHERN DISTRICT OF ILLINOIS
2                             EASTERN DIVISION

3   TIMOTHY F.L. HAYES,                )
    a resident of the United Kingdom,)
4                                      )        No. 08 CV 00632
                                       )
5                 Plaintiff,           )
                                       )
6   vs.                                )        Chicago, Illinois
                                       )
7   JASON J. LAMBERT, et al.,,         )        March 27, 2008
                                       )
8                 Defendants.          )        10:40 o'clock a.m.

9
                          TRANSCRIPT OF PROCEEDINGS
10                  BEFORE THE HONORABLE JAMES B. ZAGEL

11
    For the Plaintiff:
12              LAW OFFICES OF KEITH J. KEOGH, LTD.
                BY: Alexander H. Burke
13              227 West Monroe Street
                Suite 2000
14              Chicago Illinois 60606

15  For Defendant First Chicago Mortgage Corporation:
                DOHERTY & PROGAR, LLC
16              BY: Todd e. Macey
                Suite 2220
17              200 West Adams Street
                Chicago Illinois 60606
18
    For Kroll Factual Data Corporation:
19              FREEBORN & PETERS,LLP
                BY: Michael S. Mayer
20              311 South Wacker Drive
                Suite 3000
21              Chicago,  Illinois   60606

22
    Court reporter:
23
                        Blanca I. Lara, CSR, RPR
24                      219 South Dearborn Street
                             Room 2504
25                      Chicago, Illinois 60604
                             (312) 435-5895

| | | |
|---|---|---|
| 10:40AM | 1 | THE CLERK:   2008 C 632, Hayes versus First Chicago |
| 10:40AM | 2 | Mortgage. |
| 10:40AM | 3 | MR. MAYER:   Good morning, your Honor. |
| 10:40AM | 4 | Michael Mayer on behalf of Kroll Factual Data |
| 10:40AM | 5 | Corporation. |
| 10:40AM | 6 | MR. MACEY:   Good morning, your Honor. |
| 10:40AM | 7 | Todd Macey on behalf of First Chicago Mortgage |
| 10:40AM | 8 | Company. |
| 10:40AM | 9 | MR. BURKE:   Good morning, your Honor. |
| 10:40AM | 10 | Alexander Burke on behalf of the plaintiff. |
| 10:40AM | 11 | MR. MAYER:   This is our motion to dismiss. |
| 10:40AM | 12 | THE COURT:   I know it's your motion; that's why I'm |
| 10:40AM | 13 | pointing to you. |
| 10:40AM | 14 | MR. BURKE:   Judge, we'd like time to respond to the |
| 10:41AM | 15 | motion to dismiss.   We think it's unfounded. |
| 10:41AM | 16 | THE COURT:   Let me tell you what we'll do.   I'll give |
| 10:41AM | 17 | you three weeks to respond to this. |
| 10:41AM | 18 | MR. BURKE:   Okay. |
| 10:41AM | 19 | THE COURT:   But that three weeks also includes a |
| 10:41AM | 20 | deadline for filing of any amended complaint.   I say this to |
| 10:41AM | 21 | you so that if you take a look at their motion to dismiss, at |
| 10:41AM | 22 | least some of which on its face seems to me to be well |
| 10:41AM | 23 | founded, you may decide you might want to change your |
| 10:41AM | 24 | pleading.   So in three weeks you will either answer the motion |
| 41AM | 25 | to dismiss, or file an amended complaint, or you can do a bit |

| 10:41AM | 1 | of both.  You can say I'm fixing one part of the complaint and |
| 10:41AM | 2 | I'm defending the other.  I just don't want to get in a |
| 10:41AM | 3 | position if, for example, I agree with you, and you come back |
| 10:41AM | 4 | and say well, let me file amended complaint.  Think of it as a |
| 10:42AM | 5 | Rule 16 scheduling order.  So you have three weeks to do |
| 10:42AM | 6 | whatever you think you need to do.  Two weeks thereafter to |
| 10:42AM | 7 | reply. |
| 10:42AM | 8 | THE CLERK:  Those dates are April 17th and May 1st. |
| 10:42AM | 9 | THE COURT:  Second week in June for ruling and |
| 10:42AM | 10 | status. |
| 10:42AM | 11 | THE CLERK:  June 12th at 10:00 a.m. |
| 10:42AM | 12 | MR. BURKE:  Judge, also we are working on serving |
| 10:42AM | 13 | defendant Lambert.  We've got a private process server out. |
| 10:42AM | 14 | I'm serving as local counsel for Paul Mengedoth who is in |
| 10:42AM | 15 | Arizona, but I understand Paul has been in contact with |
| 10:42AM | 16 | counsel for First Chicago. |
| 10:42AM | 17 | MR. MACEY:  That's correct. |
| 10:42AM | 18 | MR. BURKE:  And it looks like perhaps counsel will be |
| 10:42AM | 19 | representing Lambert, as well. |
| 10:42AM | 20 | MR. MACEY:  That appears to be correct, your Honor. |
| 10:42AM | 21 | THE COURT:  Okay. |
| 10:42AM | 22 | MR. BURKE:  So we're getting on track otherwise. |
| 10:42AM | 23 | THE COURT:  Okay.  That's fine.  Thanks. |
|  | 24 | *     *     *     *     *     *     *     * |
|  | 25 | |

4

1

2  I, BLANCA I. LARA, DO CERTIFY THAT THE FOREGOING IS A CORRECT

3  TRANSCRIPT FROM THE RECORD OF PROCEEDINGS IN THE

4  ABOVE-ENTITLED MATTER.

5

6

7

8

9                                                          5-2-08

10:43AM   10        Blanca I. Lara                                    Date
10:43AM

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25