## United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Judge Zagel | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 08 C 632 | **DATE** | June 13, 2008 |
| **CASE TITLE** | TIMOTHY F.L. HAYES v. FIRST CHICAGO MORTGAGE CO., JASON J. LAMBERT, KROLL FACTUAL DATA CORPORATION, JOHN DOES 1-5, and ABC CORPORATIONS 1-5 | | |

**DOCKET ENTRY TEXT:**

Defendant Kroll Factual Data's motion to dismiss [15] is granted.

### STATEMENT

     Plaintiff alleges that Defendants pulled and/or released his personal credit information on or about February 25, 2007 without a permissible purpose to do so. Plaintiff specifically alleges that Defendant Kroll negligently and/or willfully released his personal credit information in violation of the federal Fair Credit Reporting Act, 15 U.S.C. § 1681 *et seq*. ("FCRA") (Count I). Plaintiff additionally alleges Illinois state law claims for invasion of privacy (Count II), negligence (Count III), and violation of the Illinois Consumer Fraud and Deceptive Business Practices Act ("ICFA") (Count IV). Kroll has moved to dismiss Plaintiff's complaint pursuant to Rule 12(b)(6), arguing that (1) the FCRA allegations do not state a claim under federal law or provide sufficient detail to state a claim against Kroll, (2) Plaintiff's state law claims are all pre-empted by the FCRA, and (3) the allegation of consumer fraud under the ICFA is inadequately plead under heightened pleading standards. For the following reasons, Kroll's motion is granted.

     Plaintiff claims that Kroll impermissibly released and obtained Plaintiff's personal credit information in violation of 15 U.S.C. § 1681(b).[1] For purposes of this motion, I assume that Plaintiff's personal credit information was released and obtained for an impermissible purpose. This, however, does not result in automatic, or strict, liability for Kroll. *Dobson v. Holloway*, 828 F. Supp. 975, 977 (M.D.Ga. 1993). Liability is imposed only when the consumer reporting agency either willfully or negligently fails to maintain reasonable procedures to avoid violations of, *i.e.,* § 1681b. *Id*. (*citing* §§ 1681n & 1681o). Here, Plaintiff has not provided evidence that Kroll willfully violated the Act or negligently failed to maintain reasonable procedures to avoid violations. Therefore, Kroll's motion to dismiss Count I is granted.

**STATEMENT**

With regard to pre-emption, the FCRA contains two pre-emption clauses, §§ 1681h(e) and 1681(t). The relevant pre-emption clause here is found in § 1681t(b)(1)(A):

No requirement or prohibition may be imposed under the laws of any State --
(1) with respect to any subject matter regulated under --
(A) subsection (c) or (e) of section 1681b of this title, relating to the prescreening of consumer reports

Plaintiff tries to avoid pre-emption by arguing that his allegations fall under 1681b(a) instead of either subsection (c) or (e). This is not convincing. For one, Plaintiff cites to Section 1681b generally in his complaint. And two, the conclusory allegations in the complaint relate to whether or not Kroll properly screened Plaintiff's credit report before furnishing it to a user. This allegation falls under the province of subsection (c), which requires pre-emption of any State law claims premised upon the same facts. Therefore, Kroll's motion to dismiss Counts II, III, and IV is granted.

Finally, I note that I do not need to address Plaintiff's motion to strike the last paragraph of Kroll's reply. In support of his motion to strike, Plaintiff argues that Kroll's reply, for the first time, brings up the issue of "where" the alleged events giving rise to this action took place. As a result, Plaintiff says this argument should be waived. Alternatively, Plaintiff would like a chance to amend the complaint to include the specificity of "where" the allegations occurred in order to conform to Rule 9(b) pleading standards for claims involving fraud. As a matter of law, Plaintiff's complaint versus Kroll is dismissed without regard to Plaintiff's failure to plead fraud with particularity, on the grounds that the claim under the ICFA is pre-empted by the FCRA. Therefore, Plaintiff's motion to strike is moot.

1. Section 1681(b)(3) of the Act lists the permissible purposes for which a consumer reporting agency may furnish a consumer report. Kroll denies that it did not have a relationship enumerated under that section but recognizes that it must take such allegation as true for purposes of its Rule 12 motion.