I:\50839\Answer.Lambert.wpd/TEM/amv

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| TIMOTHY F.L. HAYES, a resident of the United Kingdom | ) ) ) | |
| Plaintiff, | ) | |
| v. | ) | No.:   08 C 632 |
| | ) | |
| FIRST CHICAGO MORTGAGE CO., an Illinois corporation, JAYSON J. LAMBERT, an Illinois resident, KROLL FACTUAL DATA CORPORATION, a Colorado corporation, JOHN DOES 1-5, and ABC CORPORATIONS 1-5, | ) ) ) ) ) ) | |
| Defendants. | ) | |

**DEFENDANT, JAYSON J. LAMBERT'S ANSWER TO PLAINTIFF'S COMPLAINT AT LAW**

NOW COMES the Defendant, JAYSON J. LAMBERT, by and through his attorneys, KEVIN W. DOHERTY, and DOHERTY & PROGAR, LLC, and states the following for his Answer to the Plaintiff's Complaint at Law:

**I - Introduction**

1. This Defendant denies the allegations contained in Paragraph 1 of Plaintiff's Complaint at Law.

2. This Defendant states that the allegations contained in Paragraph 2 of Plaintiff's Complaint at Law contain legal and factual conclusions which do not require an answer.

**II - Parties, Jurisdiction and Venue**

3. This Defendant has no knowledge concerning the allegations contained in Paragraph 3 of Plaintiff's Complaint at Law, and therefore neither admits nor denies the allegations but demands strict proof thereof.

4. This Defendant admits the allegations contained in Paragraphs 4 of Plaintiff's Complaint at Law.

5. This Defendant states that he resides at 6609 N. Newgard, Apt. 3N, Chicago, Illinois 60626, but denies all of the remaining allegations contained in Paragraph 5 of Plaintiff's Complaint at Law.

6. This Defendant has no knowledge concerning the allegations contained in Paragraph 6 of Plaintiff's Complaint at Law, and therefore neither admits nor denies the allegations but demands strict proof thereof

7. This Defendant denies each and every allegation contained in Paragraph 7 of Plaintiff's Complaint at Law.

8. This Defendant denies each and every allegation contained in Paragraph 8 of Plaintiff's Complaint at Law.

9. This Defendant states that Paragraph 9 of Plaintiff's Complaint at Law asserts legal and factual conclusions which do not require an answer.

10. This Defendant states that Paragraph 10 of Plaintiff's Complaint at Law asserts legal and factual conclusions which do not require an answer.

11. This Defendant states that Paragraph 11 of Plaintiff's Complaint at Law asserts legal and factual conclusions which do not require an answer. Responding further, this Defendant denies that his conduct was unlawful.

### III - Factual Background

12. This Defendant admits that FIRST CHICAGO MORTGAGE COMPANY engages in the business of brokering residential mortgage loans, and from time to time obtains

individual consumer credit reports when authorized to do so, but denies all of the remaining allegations contained in Paragraph 12 of Plaintiff's Complaint at Law.

13. This Defendant has no knowledge concerning the allegations contained in Paragraph 13 of Plaintiff's Complaint at Law, and therefore neither admits nor denies the allegations but demands strict proof thereof.

14. This Defendant admits that he was employed by FIRST CHICAGO MORTGAGE COMPANY on February 14, 2007, but denies the remaining allegations contained in Paragraph 14 of Plaintiff's Complaint at Law.

15. This Defendant states that on or about February 25, 2007, he requested certain information from KROLL FACTUAL DATA CORPORATION ("Kroll") pertaining to the Plaintiff pursuant to authorization and consent, and denies all of the remaining allegations contained in Paragraph 15 of Plaintiff's Complaint at Law.

16. This Defendant states that the information sought was for a permissible purpose, and denies the remaining allegations contained in Paragraph 16 of Plaintiff's Complaint at Law to the extent they are inconsistent therewith.

17. This Defendant denies each and every allegations contained in Paragraph 17 of Plaintiff's Complaint at Law.

18. This Defendant denies each and every allegations contained in Paragraph 18 of Plaintiff's Complaint at Law.

19. This Defendant states that he received certain information from Kroll pertaining to the Plaintiff, and further states the he has no knowledge as to the remaining allegations

contained in Paragraph 19 of Plaintiff's Complaint at Law, and therefore neither admits nor denies the same, but demands strict proof thereof.

20. This Defendant denies each and every allegations contained in Paragraph 20 of Plaintiff's Complaint at Law.

21. This Defendant has no knowledge concerning the allegations contained in Paragraph 21 of Plaintiff's Complaint at Law, and therefore neither admits nor denies the allegations but demands strict proof thereof.

22. This Defendant denies the allegations contained in Paragraph 22 of Plaintiff's Complaint at Law.

23. This Defendant denies the allegations contained in Paragraph 23 of Plaintiff's Complaint at Law.

24. This Defendant states that he received certain information from Kroll pertaining to the Plaintiff, and further states the he has no knowledge as to the remaining allegations contained in Paragraph 24 of Plaintiff's Complaint at Law, and therefore neither admits nor denies the same, but demands strict proof thereof.

25. This Defendant denies each and every allegation contained in Paragraph 25 of Plaintiff's Complaint at Law.

26. This Defendant has no knowledge concerning the allegations contained in Paragraph 26 of Plaintiff's Complaint at Law, and therefore neither admits nor denies the allegations but demands strict proof thereof.

27. This Defendant denies each and every allegation contained in Paragraph 27 of Plaintiff's Complaint at Law.

28. This Defendant denies each and every allegation contained in Paragraph 28 of Plaintiff's Complaint at Law.

29. This Defendant denies each and every allegation contained in Paragraph 29 of Plaintiff's Complaint at Law.

### IV - Causes of Action
### COUNT I - Willful and Negligent Violations of the Federal Fair Credit Reporting Act

30. This Defendant adopts and incorporates its Answers to the allegations contained in Paragraphs 1 through 29 as his Answers to Paragraph 30 of Plaintiff's Complaint at Law as if set forth fully herein.

31. This Defendant states that the allegations contained in Paragraph 31 of Plaintiff's Complaint at Law contain legal and factual conclusions which do not require an answer.

32. This Defendant denies each and every allegation contained in Paragraph 32 of Plaintiff's Complaint at Law.

33. This Defendant denies each and every allegation contained in Paragraph 33 of Plaintiff's Complaint at Law.

34. This Defendant has no knowledge concerning the allegations contained in Paragraph 34 of Plaintiff's Complaint at Law, and therefore neither admits nor denies said allegations but demand strict proof thereof.

35. This Defendant has no knowledge concerning the allegations contained in Paragraph 35 of Plaintiff's Complaint at Law, and therefore neither admits nor denies said allegations but demand strict proof thereof.

36. This Defendant has no knowledge concerning the allegations contained in

Paragraph 36 of Plaintiff's Complaint at Law, and therefore neither admits nor denies said allegations but demand strict proof thereof.

37. This Defendant states that the allegations contained in Paragraph 37 of Plaintiff's Complaint at Law contain legal and factual conclusions which do not require an answer. Further responding, this Defendant denies that he or FIRST CHICAGO MORTGAGE COMPANY obtained any report under false pretenses.

38. This Defendant makes no response to the allegations contained in Paragraph 38 of Plaintiff's Complaint at Law insofar as those allegations are not directed to him. Further responding, this Defendant states that he followed reasonable procedures at all times and did not obtain a consumer report under false pretenses.

39. This Defendant makes no response to the allegations contained in Paragraph 39 of Plaintiff's Complaint at Law insofar as those allegations are not directed to him. Further responding, this Defendant states that he followed reasonable procedures at all times and did not obtain a consumer report under false pretenses.

40. This Defendant makes no response to the allegations contained in Paragraph 40 of Plaintiff's Complaint at Law insofar as those allegations are not directed to him. Further responding, this Defendant denies that he willfully and/or negligently permitted anyone to impermissibly access Plaintiff's consumer report.

41. This Defendant makes no response to the allegations contained in Paragraph 41 of Plaintiff's Complaint at Law insofar as those allegations are not directed to him.

42. This Defendant denies the allegations contained in Paragraph 42 of Plaintiff's Complaint at Law.

WHEREFORE, Defendant, JAYSON J. LAMBERT, denies that Plaintiff, TIMOTHY HAYES, is entitled to judgment against him for actual damages, statutory damages, punitive damages, costs, attorney fees, and/or any other relief, and demands judgment in his favor and against the Plaintiff, TIMOTHY HAYES, in addition to his costs of this action.

THIS DEFENDANT DEMANDS A TRIAL BY JURY.

## COUNT II - Invasion of Privacy

43. This Defendant adopts and incorporates his Answers to the allegations contained in Paragraph 1 through 42 as his Answers to Paragraph 43 of Plaintiff's Complaint at Law as if set forth fully herein.

44. This Defendant denies the allegations contained in Paragraph 44 of Plaintiff's Complaint at Law.

45. This Defendant denies the allegations contained in Paragraph 45 of Plaintiff's Complaint at Law.

46. This Defendant denies the allegations contained in Paragraph 46 of Plaintiff's Complaint at Law.

47. This Defendant denies the allegations contained in Paragraph 47 of Plaintiff's Complaint at Law.

WHEREFORE, Defendant, JAYSON J. LAMBERT, denies that Plaintiff, TIMOTHY HAYES, is entitled to judgment against him for actual damages, statutory damages, punitive damages, costs, or attorney fees, and/or any other relief, and demands judgment in his favor and against the Plaintiff, TIMOTHY HAYES, in addition to his costs of this action.

THIS DEFENDANT DEMANDS A TRIAL BY JURY.

## **COUNT III - Negligence**

48.　This Defendant adopts and incorporates his Answers to the allegations contained in Paragraph 1 through 47 as his Answers to Paragraph 48 of Plaintiff's Complaint at Law as if set forth fully herein.

49.　This Defendant states that he has complied with all duties imposed upon him by law, and denies all of the remaining allegations contained in Paragraph 49 of Plaintiff's Complaint at Law.

50.　This Defendant states that he has complied with all duties imposed upon him by law, and denies all of the remaining allegations contained in Paragraph 50 of Plaintiff's Complaint at Law.

51.　This Defendant makes no response to the allegations contained in Paragraph 51 of Plaintiff's Complaint at Law insofar as those allegations are not directed to him.

52.　This Defendant denies each and every allegation contained in Paragraph 52 of Plaintiff's Complaint at Law.

53.　This Defendant denies each and every allegation contained in Paragraph 53 of Plaintiff's Complaint at Law.

WHEREFORE, Defendant, JAYSON J. LAMBERT, denies that Plaintiff, TIMOTHY HAYES, is entitled to judgment against him for actual damages, statutory damages, punitive damages, costs, attorney fees, and/or any other relief, and demands judgment in his favor and against the Plaintiff, TIMOTHY HAYES, in addition to his costs of this action.

THIS DEFENDANT DEMANDS A TRIAL BY JURY.

**COUNT IV - Violation of Illinois Consumer Fraud Act 815 Ill. Comp. Stat. 502/2**

54. This Defendant adopts and incorporates his Answers to the allegations contained in Paragraph 1 through 53 as his Answers to Paragraph 54 of Plaintiff's Complaint at Law as if set forth fully herein.

55. This Defendant denies each and every allegation contained in Paragraph 55 of Plaintiff's Complaint at Law.

56. This Defendant denies each and every allegation contained in Paragraph 56 of Plaintiff's Complaint at Law.

57. This Defendant denies each and every allegation contained in Paragraph 57 of Plaintiff's Complaint at Law.

58. This Defendant denies each and every allegation contained in Paragraph 58 of Plaintiff's Complaint at Law.

59. This Defendant denies each and every allegation contained in Paragraph 59 of Plaintiff's Complaint at Law.

60. This Defendant denies each and every allegation contained in Paragraph 60 of Plaintiff's Complaint at Law.

61. This Defendant denies each and every allegation contained in Paragraph 61 of Plaintiff's Complaint at Law.

62. This Defendant denies each and every allegation contained in Paragraph 62 of Plaintiff's Complaint at Law.

63. This Defendant denies each and every allegation contained in Paragraph 63 of Plaintiff's Complaint at Law.

64. This Defendant denies each and every allegation contained in Paragraph 64 of Plaintiff's Complaint at Law.

WHEREFORE, Defendant, JAYSON J. LAMBERT, denies that Plaintiff, TIMOTHY HAYES, is entitled to judgment against him for actual damages, statutory damages, punitive damages, costs, attorney fees, and/or any other relief, and demands judgment in his favor and against the Plaintiff, TIMOTHY HAYES, in addition to his costs of this action.

THIS DEFENDANT DEMANDS A TRIAL BY JURY.

### **COUNT V - Demand for Jury Trial**

65. This Defendant states that the allegations contained in Paragraph 65 of Plaintiff's Complaint at Law contain factual conclusions which do not require an answer.

    Respectfully Submitted,

    DOHERTY & PROGAR, LLC

    /s/ Kevin W. Doherty
    Attorney for the Defendant

Kevin W. Doherty (ARDC No.: 3128844)
Todd E. Macey (ARDC No.: 6286767)
DOHERTY & PROGAR LLC
200 West Adams Street, Suite 2220
Chicago, IL 60606
(312) 630-9630
(312) 630-9001 (Fax)